No. 46—ALFRED P. REED, plaintiff in error, vs. JAMES SULLI-
VAN, executor, &c., defendant in error.

In *scire facias* against bail, where no plea has been filed, judgment may be render-
ed *upon motion*, without the intervention of a jury ; *aliter*, where a plea has been
filed.

This was a motion to quash *ca. sa.*, issued from a judgment rendered
upon *scire facias* against the plaintiff in error, as bail of another, which
judgment was rendered *upon motion*, and without the intervention of a
jury trial.  This motion was tried before Judge Alexander, in Muscogee
Superior Court, May Term, 1846, and, after argument, the motion was
overruled ; to which the plaintiff in error excepted.  For further partic-
ulars, see the opinion of the court.

HINES HOLT, for the plaintiff in error.

A *sci. fa.* against bail in civil suits, is an action.—*Tidd's Practice,*
982 ; 1 and 2 *Term Reps.* 267 and 46 ; 2 *Saunders' Rep.* 207.

A judgment by default can be rendered on motion in such action.—
*Tidd's Practice,* 508 ; *Hotchkiss,* 788, 635, 637.

A. IVERSON and A. H. COOPER, for defendant in error,

Cited *Petersdorf on Bail,* 379 ; *Philipson* vs. *Mangles,* 11 *East R.* 516 ;
*Comyn's Dig. Pleader,* 3, *L.* 8, 9 ; *Hotchkiss' Dig. Laws of Geo.* 565.

*By the Court*—NISBET, Judge.

*Scire facias* issued in this case to charge bail, and being served, and the
defendant filing no plea, judgment was rendered against him *upon motion.*
A *ca. sa.* having issued upon this judgment, it was moved to quash it,
upon the ground that the judgment on the *scire facias* was rendered
against the bail without the intervention of a jury.  This motion was
overruled by the court below, and thereupon error is assigned.  The
plaintiff in error contends that the *scire facias* is an action ; that the de-
fendant is entitled to plead thereto ; and being entitled, by the Constitution
of the United States, and of the State of Georgia, to the trial by jury,
no judgment can be rightfully entered against him, until a verdict is ren-
dered by a jury.  Some of these propositions the court is prepared to ad-
mit.  It does not, however, admit that where no defence is filed, judg-
ment may not be awarded upon *scire facias,* against bail upon motion,
without the intervention of a jury ; on the contrary, it holds, that in all
such cases judgment is rightfully awarded upon motion, and without the
intervention of a jury ; and that a judgment so awarded, is not in conflict
with the Constitution of the United States, or of the State of Georgia.
This court further holds, that in all cases where the defendant appears, and
files an issuable plea, which, according to law, he is entitled to rely upon
in defence, he is entitled to a jury, and that a judgment rendered against

him, in such cases, without a previous finding by a jury, would be in conflict with the Constitution, and therefore void.

The condition of the bail bond is, that the principal pay the condemnation of the court, or render his body to prison, in execution of the same, and upon failure to do either, the surety stipulates to do it for him. —3 *Black. Com.* 416 ; *Tidd's Prac.* 280. The condemnation of the court is the judgment rendered against the defendant and costs. The obligation assumed by the bail is, that, if his principal shall fail to pay the condemnation of the court, and shall also fail to render his body in execution of the same, then he, the bail, will pay the condemnation for him. Before the surety can be proceeded against for payment, the plaintiff must cause a *ca. sa.* to be issued against the principal, and return to be made of *non est inventus.*—*Prince,* 423 ; *Tidd's Prac.* 1099. When this is done, the plaintiff may proceed by *scire facias* to collect the judgment and his costs, out of the surety, on the bail bond. This is in general a judicial writ, and issues out of the court where the record is. Yet, because the defendant may plead thereto, it is considered in law as an action. Lord Coke says : " Albeit a *scire facias* be a judicial writ, yet, because the defendant may thereupon plead, this *scire facias* is accounted in law to be in nature of an action, and, therefore, a release of all actions is a good bar of the same."—*Tidd's Prac.* 1090 ; *Co. Lit.* 290, *b. ; 2 Wils.* 251 ; 2 *Black. Rep.* 1227 ; 2 *Durn.* and *East,* 46. It is directed to the sheriff ; and, reciting the proceedings previously had, and particularly the judgment against the principal, requires him to make known to the principal and his surety, that they appear at the next term of the court, and then and there show cause, if any they have, why judgment should not be rendered against them, on their bond, for the amount of principal, interest, and costs due on the judgment previously rendered against the principal.

In England, if the sheriff warn the defendant, he returns *scire feci.* If he do not warn him, he returns *nihil,* in which latter case, a second *scire facias* issues. On the return of *scire feci,* or of two *nihils,* a four days' rule is given for the defendant to appear and plead thereto. If the defendant appear, then another four days' rule is given for him to plead, or an extent to issue ; and after the expiration of four days, the defendant may obtain six weeks further time to plead, on a motion of course ; and, after the expiration of six weeks, he may obtain still further time to plead, by motion in court, on an affidavit of special circumstances. If the defendant do not appear on the first rule, or, appearing, do not plead on the second, *judgment may be entered up for the king,* or *process of extent may issue, without any judgment upon the scire facias.*— *Tidd's Prac.* 1092. The defendant, having appeared to the *scire facias,* may move to set aside the proceedings, if irregular ; or plead in abatement, or in bar—or demur, as in other actions.—*Tidd's Prac.* 1092. No plea to a *scire facias* goes behind the judgment. The merits of the contest between the plaintiff and defendant, in the first action, are closed up by the judgment. There are several things, however, which may be plead : such as *nul tiel record* of the recognizance ; recovery against the principal ; payment by, or release to the principal, or bail ; or that the principal rendered himself, or was rendered by his bail, or that there was no *ca. sa.* sued out and returned against the principal ; also, the death of the principal, before the return

of the *ca. sa.—Tidd's Practice*, 1128, 1130 ; 12 *Mod. Prac.* 601 ; 10 *ib.* 267.

I have been thus minute in detailing the practice, as to the service, return and pleadings upon *scire facias* at common law, because, in many particulars, that practice is the law of our own courts ; and, farther, because these rules of practice are not without their bearing upon the question we are now considering.   The service here, no doubt, is very much as in England : for example, if the defendant cannot be found, a return of two *nihils* will authorize the farther proceedings against the bail.   And farther, if the defendant fails to appear, after service, or after a return of two *nihils*, or, appearing, fails to plead, *judgment may be entered up against him ;* he is in default, and judgment goes as a matter of course.   Such is the law in England, and such, too, we think, is the law in this State.   In the cause now before us, the defendant did appear in obedience to the exigencies of the writ ; but, appearing, failed to plead, and therefore, the court did well to award judgment against him, upon motion.   Such proceeding was not in violation of the parties' right to a trial by jury ; there was nothing to try ; no plea filed, no issue made.   Failing to plead was an acknowledgment that the bail had nothing to show against judgment being entered against him, for the condemnation of the court.   It is to be remembered, too, that the judgment entered against the bail, is not a judgment of *recovery*, but a judgment of execution ; that is, the judgment of recovery being previously had, this is the judgment of the court, that execution do issue against the bail for the amount of principal, interest, and costs due thereon.—*Bacon's Abr.* tit. *Execution, G.* ; 1 *Tidd*, 339, *S. C.* ; *Tidd*, 1099. As we have before stated, however, if the defendant does appear and plead, and any issue of fact is presented by the pleadings legally, he is entitled to a jury to try it ; and a judgment rendered against him, upon such an issue, without a previous finding by a jury, would be in violation of the Constitution, and therefore void.

Let the judgment of the court below be affirmed.