No. 18.—GREEN L. DENNARD & JOHN ALEXANDER, plaintiffs in error *vs.* THE STATE OF GEORGIA, defendant.

[1.] The condition of a recognisance or bond to appear and answer to a criminal charge, at a given term of the court, is not fulfilled by being present at that term. The condition of such a bond is not fulfilled by appearing and answering to the charge by pleading to it. But the accused must be and appear at the first term and continue to appear until he is permitted to go by leave of the court had; or until he is acquitted or otherwise legally discharged; or if convicted, until sentence is passed; in order to the fulfilment of the obligations of the bond and the release of the securities.

[2.] A recognisance or obligation to appear and answer to a criminal charge, attested only by one not being a magistrate, not a recognisance technically, but good as a bond.

Scire Facias upon forfeited recognisance. From Baker Superior Court. Tried before Judge WARREN. November Term, 1846.

For the questions made and determined, see the opinion of the Supreme Court.

STROZIER & STURGIS, for the plaintiff in error, cited 1 *Chit. Crim. Law,* 106; 1 *Bacon Abr. (Bail in criminal cases)* 361; 2 *Hawkins Pl. Cr.* 177, 178; *Miller* vs. *Stewart,* 9 *Wheat. R.* 180; 4 *Taunt. R.* 593; *Theobald on Prin. and Surety,* 44, s. 83; 3 *Tom. L. Dic.* 297; *Schley's Dig.* 138, 140, 211.

McCAY representing PATTERSON, Solicitor General, for the State.

*By the Court*—NISBET, J. delivering the opinion.

The proceeding in the Court below in this case, was a *scire facias,* to charge the plaintiffs in error as security for one McIver, on his recognisance to appear and answer to a charge of playing at Faro. The record discloses that said McIver, together with one Hatsfield, and several other persons, were jointly indicted under our statute for playing at Faro—that Hatsfield and McIver were alone arraigned, and pleaded not guilty; and that the jury upon the trial returned a verdict of not guilty as to Hatsfield, and as to McIver, returned the following verdict, to wit: "We the jury find the defendant guilty." Upon the return of the *scire facias,* the Solicitor General moved to enter up judgment against the defendants, and upon the trial, tendered in evidence the bill of indictment

with the entry thereon of the verdicts of the jury. The defend-
ants objected to its going, because it afforded no evidence of a
verdict against McIver—the verdict is, "we the jury find the de-
fendant guilty," and said they, "this verdict applies to all the
defendants, except Hatsfield, as much as to McIver. There is no
evidence of the trial and conviction of McIver." The Court over-
ruled the objection and admitted the evidence, and this is assigned
as error. We do not think it is. It was not necessary in order to
show a forfeiture of the recognisance, to prove a conviction at all,
but if it was, then we think the bill of indictment and the verdicts
and other entries thereon, show that McIver was tried and found
guilty. The bill shows that Hatsfield and McIver alone were put
upon trial; that Hatsfield was acquitted by name, and therefore
the other verdict could apply to no other person but McIver. "*Id
certum est, quod reddi certum potest.*"

[1.] Again—it was claimed in the Court below, that there was
no forfeiture of the recognisance, and therefore there ought to be
no judgment against the bail. "The bond or recognisance, said
the defendants, is conditioned for the appearance of their principal
at the Superior Court of Baker County, on the first Monday in
December, eighteen hundred and forty-five; he did appear on that
day and having so appeared, all the obligations of the bond were
fulfilled and the securities discharged." The Court ruled differ-
ently, and *that* is assigned as error. We do not think it is. It is
true that a part of the condition of the bond is that the principal,
McIver, "shall personally be and appear before the Superior
Court, to be held in and for said County (of Baker) on the first
Monday in December next, then and there to answer to the State
aforesaid, of and concerning the playing and betting at Faro, &c."
But this is not all the condition of the obligation—the condition
in the bond proceeds "*and shall not depart thence without leave of
said Court.*" We hold that this bond binds the principal not only
to be and appear at the term to which it is returnable, but to con-
tinue to appear until acquitted, or in some legal way discharged,
or if tried and found guilty, until the sentence of the Court is
passed upon him, unless he is permitted to depart sooner by *leave
of the Court* had. And the evidence of this leave being had, is an
*exoneretur* or other order of discharge entered upon the minutes.
The bond is intended to insure the appearance of the accused *to
answer to the court of and concerning the offence charged;* to answer
not only to the charge but also to the judgment. Of course it is

competent for the securities at any time to discharge themselves by a surrender of their principal in vacation to the Sheriff, or in term to the court. The question here is, was there a surrender? The record exhibits no evidence of it. *Prince Dig.* 470, 471; 1 *Chitty Crim. Law,* 86; *Bacon Ab. Bail L.;* 1 *Taunton* 23; 1 *Saunders Plea. and Evid.* 195, 196.

It appears further from this record, that McIver appeared at June Term, 1846, and answered to the charge, by pleading thereto and standing his trial, and that being found guilty, he departed thence *without leave of the court*—after the verdict was rendered but before sentence was passed. This appearance and answer was claimed in the Court below to have fulfilled the obligations of the bond and discharged the security. The Judge presiding thought differently and so ruled, and *that ruling* is assigned for error. We do not think it is, and our reasons for so thinking are given in the preceding paragraphs of this opinion. The sureties must have their principal to answer to the sentence of the Court.

It was further insisted before the Court below, that the paper [2.] purporting to be a recognisance, upon which the names of the defendants appeared as securities, is not a recognisance, because not taken by any person authorised by law to take a recognisance or admit to bail in criminal cases, and that therefore the paper should not be read in evidence to charge the defendants. The Court ruled *in* the evidence, and *that* is assigned as error. We do not think it is. Technically this is not a recognisance, because not an acknowledgment of a debt of record; nor before a judicial officer. It is signed and sealed and acknowledged before George W. Collier, not being a magistrate. The bond is taken under the Common and Statute law of England, which entitles a party arrested to give bond with security for appearance. It is in fact a bail bond; a contract between the securities and the State, and as such good. 2 *Wheat. Selw.* 794, *note;* 1 *P. Williams,* 334; 2 *Vernon,* 750; 2 *Nott & McCord,* 425, 426.

Let the judgment below be affirmed.