No. 77.—The Governor, for the use of Smith & Bassett, plain-tiff in error, vs. Elias H. Kemp, principal, and Green Mitch-ell, Edward H. Small, and David Succord, defendants in error.

[1.] Where a defendant in *ca. sa.* had given bond and security to appear at Court, and comply with the provisions of the Act for the relief of honest debtors, and had failed to file his schedule, and give notice to his creditors in terms of the Act, and an order was granted by the Court, ordering that said defendant be taken into immediate custody by the Sheriff, and be detain-ed without bail or mainprize, until he pay off and discharge the full amount of principal, interest, and costs, due on said *ca. sa*: *Held*, that the order of the Court was sufficiently full and explicit, to authorize the She-riff to take the defendant into his custody and confine him in the common jail of the County ; and that it was error to reject said order, when offered in evidence to the Jury, on the ground that it was not sufficient authority for that purpose.

Suit on Sheriff's bond, in Decatur Superior Court. Verdict for defendants, and decision of Judge Taylor excepted to.

The Governor, for the use of Smith & Bassett, brought an action against Elias H. Kemp, principal, and Green Mitchell, Edmund Smith, and David Succord, his securities on his, Kemp's, bond as Sheriff.

On the trial, the copy of the Sheriff's bond, and order to sue the same, together with the original declaration, were offered and received in evidence. Also a judgment and *capias ad satisfaciendum* issued thereon, from the Superior Court of Decatur County, in favor of Smith & Bassett, against Samuel Cherry, upon which said Cherry was arrested; also the bailbond made by the said Cherry, and his sureties, for his appearance at the Feb. Term, 1842, of said Court, to take the benefit of the Act. Also plaintiff offered an order taken at February Term, 1842, reciting that the said Cherry, not having appeared in pursuance to the terms of his said bond: "It is therefore ordered that the said defendant be taken into immediate custody by the Sheriff, and be detained without bail or mainprize until he pay off and discharge the full amount of principal, interest, and cost due on said *ca. sa.* and the defendant be in mercy," &c. To the introduction of which order, the defendant objected, on the ground that said order did not authorize the Sheriff to "incarcerate the body of the said Cherry in jail;" which objection the Court sustained, and ruled out the said order as testimony, on the ground that said order was not full enough; to which said ruling by the Court, the plaintiff by his counsel, excepted.

The plaintiff then introduced a judgment at Law, of said Court, against said Kemp, in favor of Smith & Bassett, rendered on an action against said Kemp, for the voluntary escape of the said Cherry, and the testimony upon which said judgment was rendered, and the *fi. fa.* issued thereon, together with testimony to show that no money had ever been raised thereon. Plaintiff thereupon closed his case, and the defendants introduced no testimony.

The Court charged the Jury, "that the judgment against Kemp, was *prima facie* evidence for the plaintiffs, of their right to recover against his sureties, provided there was such a cause of action set out therein against Kemp, as authorized them to

recover.    That in order to make this judgment evidence against Kemp's sureties, the plaintiffs should have made such a case in their pleadings as showed them entitled to recovery; that the plaintiffs having introduced the bond of Cherry, with sureties for his appearance, to take the benefit of the Insolvent Debtor's Act, and there being no evidence of any *exoneretur* upon record discharging said bond and securities, that the plaintiffs had thereby showed that their right of action against Kemp, was not good, and that it might be considered by the Jury as defeating any right set up by plaintiffs in the action." Here plaintiffs' counsel moved the Court to withdraw said bond of the said Cherry, from the consideration of the Jury; which said motion the Court overruled.    To all of which charge and refusal by the Court, the said plaintiffs excepted, and Jury found for defendants.

All of which said several exceptions to the orders, refusals and charges of the Court, are assigned for error.

SULLIVAN, for plaintiff in error.

A. ALLEN, for defendants in error.

*By the Court.*—WARNER, J. delivering the opinion.'

[1.] The order from the minutes of the Court, ordering the defendant, Samuel Cherry, to be taken into the custody of the Sheriff, which was offered in evidence in the Court below, was improperly ruled out, and should have been admitted to the Jury.

There is no evidence in the record, going to shew that Cherry was surrendered up by his securities on the *ca. sa.* bond in open Court, so as to require an *exoneretur* to have been entered on the minutes of the Court.    The order of the Court was sufficiently full, in our judgment, to have authorized the Sheriff to have taken the defendant into custody, and to have detained him in the common jail of the County in obedience thereto.

Let the judgment of the Court below be reversed, on the ground that the Court erred in rejecting the order from the minutes of the Court, offered in evidence by the plaintiff, at the trial.