## ROBERTS *vs.* GREEN.

If the officer arresting a defendant in *ca. sa.* take bond for his appearance at the Court to which the *ca. sa.* is returnable, on a certain day, which is not the day appointed for the sitting of the Court, and the defendant appear on the day designated in the bond, but after the time appointed for the holding of the Court and after its adjournment, the security is not responsible. It is the mistake of the arresting officer.

Certiorari, in Whitfield Superior Court. Decided by Judge WALKER, at the May Term, 1860.

This case came up and was heard, upon the following state of facts, to wit:

Henry McCard was arrested by virtue of a *capias ad satis-faciendum,* issued from a Justice's Court of Whitfield county, in favor of Isaac W. Roberts against said McCard. On the 8th day of June, 1857, McCard gave bond, with John F. Green as his security, conditioned for the appearance of McCard "at the next Inferior Court to be holden in and for Whitfield county on the second Monday in July next, then and there to stand to, and abide by such proceedings as may be had by said Court, in relation to his taking the benefit of the Act for the relief of honest debtors."

The time fixed by law for holding the Inferior Court of Whitfield county was on the first Monday in July, at which time the Court was actually held, and during the term, the *ca. sa.* of Roberts against McCard was called, and the defendant not appearing, and having filed no schedule, nor made any motion to take the insolvent oath, a judgment was rendered on his bond against him, and the said Green as his security, for the amount of said *ca. sa.*

On the second Monday in July, the time specified in his bond, McCard appeared at the courthouse, the usual and established place of holding said Court, and was informed by the clerk of said Court that he was too late, and that the Court was over, having met on the Monday previous.

A *fi. fa.* issued from the said judgment rendered against McCard and Green, which was levied on the property of Green on the 27th of February, 1858.

At the July Term, 1858, of said Inferior Court, Green the security, made a motion to set aside the judgment and *fi. fa.* on the grounds—

1st. Because there was no bond in Court upon which said judgment could be legally signed up.

2d. Because the bond on which said judgment was signed up, was returnable to Whitfield Inferior Court, to be held on the 2d Monday in July, 1857, at which time no Court was, or could be held according to law, as the law fixed the 1st Monday in July as the time of holding said Court.

Upon hearing this motion, the Court sustained the same, and set aside said judgment and *fi. fa.*

Exceptions were taken to this decision, and the case was carried to the Superior Court of Whitfield county by *certiorari,* and on the facts before stated, the presiding judge dismissed the *certiorari,* and affirmed the judgment of the Inferior Court, and this decision of the Superior Court constitutes the error complained of in this case.

JOHN M. JACKSON, for the plaintiff in error.

DABNEY, by J. M. CALHOUN, for the defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

The case under review is this: The plaintiff in error having

a judgment against McCard, sued out a *ca. sa.,* and caused McCard to be arrested. McCard offered to give bond to appear at the Court, whence the *ca. sa.* issued, and take the benefit of the Act for the relief of insolvent debtors, and tendered the defendant in error as security. The sheriff having him in custody, prepared the bond which was executed, and the defendant in *ca. sa.* discharged.

The condition of the bond was, that the defendant, Mc-Card, should appear at the next Inferior Court for Whitfield county, "on the second Monday in July next," etc. The time appointed for the holding of the Court, by law, was the 1st Monday in the same month, and it was then actually holden. McCard not appearing, judgment was taken against him, and the defendant in error. McCard did appear at the place where the Court is holden by law, on the second Monday in July, and exhibited himself to the clerk. Is the judgment taken against the security, the defendant in error, valid? He did what he undertook in his bond to do—he caused his principal, who was legally in his custody, to appear at the place and at the time specified, and to present himself to a ministerial officer of the Court, to which the bond was returnable. He is a surety, and is regarded indulgently by the law.

It is said that he was bound to know the law—bound to know the time appointed by law for the holding of the Court. This would have been a sufficient answer, had no time been stated in the bond. It is the duty of the arresting officer to take the bond. The defendant under arrest must satisfy him to procure a discharge from imprisonment. The bond was executed as prepared by the sheriff. The mistake was his. Shall he or the security suffer the consequences of the mistake? We hold with the Court below, whose judgment we review, and the Court of original jurisdiction, that the recourse of the party injured is not against the security.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.