65 341
86 387

## COLQUITT, governor, vs. SMITH et al.

Where the condition in a criminal recognizance was that a principal should appear at a particular term of court, but it contained no provision as to appearing from term to term, or other like provision, the appearance of the principal at the specified term was a compliance with the condition, and her failure to appear at a subsequent term to which the case was continued, would not subject the sureties to a forfeiture.

Bonds. Principal and surety. Before Judge BUTT. Muscogee County. At Chambers. March 11th, 1880.

Reported in the decision.

G. E. THOMAS, Jr., by brief, for plaintiff in error.

THORNTON, GRIMES & CRAWFORD, for defendants.

CRAWFORD, Justice.

Carrie Smith being charged with the offense of larceny from the house, entered into bond with Joe Butler and William Broadnax as her securities, in the sum of forty dollars, for her appearance at the September term, 1879, of the county court of Muscogee.

The condition of her said bond was that if she did so appear and answer to the said charge, then the bond was to be void, otherwise to remain in full force. It did not contain the further condition commonly incorporated in such bonds, that she was to appear at the particular term named, and then "from term to term to stand to and abide the judgment of the court," or that she was so to appear "and not depart thence without leave of the court." In compliance therefore with her obligation she appeared, but the case was continued over to the next succeeding term, and upon failing to appear, a forfeiture *nisi* was granted against her and her securities. The se-

curities showed for cause against a forfeiture absolute, that the said Carrie had appeared at the September term, 1879, and that thereby they with their principal had kept their bond.

The court dismissed the rule *nisi* and discharged the securities, whereupon the solicitor for the county court petitioned the judge of the superior court to grant a *certiorari* in said case, which was refused and he excepted.

The only question made by this record therefore is, whether the condition in a recognizance which binds the principal to appear at a particular term of the court, to answer upon a criminal charge, can be construed to extend the said appearance from term to term, so as to make the securities liable to a forfeiture for a failure of their principal to appear at any other term than that named in the bond.

We hold that it cannot ; as the undertaking of the security is *stricti juris*, he cannot in law or equity be bound further than the very terms of his contract. Code, §2150, 10 *Ga.*, 235.

Judgment affirmed.