LAMB *et al. vs.* THE STATE OF GEORGIA.

1. After one panel of the traverse jurors had been discharged for the term, and all cases, including criminal cases, had been continued, the solicitor general could not proceed to forfeit a recognizance and issue *scire facias* returnable to the next term, and at that term have final judgment of forfeiture against the surety, although the principal did not appear at either term.

2. When an order continuing cases was entered on the minutes, it could not be affected by a statement of the presiding judge in the bill of exceptions, that the order was intended to be entered on the minutes at the time of the adjournment and for the purpose of disposing of cases that were not reached before adjournment. In judgments and orders which appear of record, the record is the only evidence; in matters not of record, the judge's certificate is the only evidence.

3. That the principal in the bond was not present did not render the surety liable. The surety generally has the right to produce his principal when his case is ready for trial and called at either term. In the present case, the obligation was only to produce him at the first term, and not from term to term; and had the jury not been discharged, he might have produced him then.

(*a.*) The law applicable to sureties is construed strictly.

October 21, 1884.

Practice in Superior Court. Criminal Law. Principal and Surety. Bonds. Before Judge WILLIS. Taylor Superior Court. April Term, 1884.

J. F. Lamb was tried before a magistrate and bound over for hiring laborers to be employed without the state without a license. He gave bond to appear "at the next term of Taylor superior court," to answer such indictment as the grand jury might find against him. At the next term of court, one panel of the traverse jurors was discharged, and the judge passed the following order, which was placed on the minutes:

" There being a number of cases on the common law, equity, motion, *certiorari*, claim and criminal dockets of Taylor superior court that have not been reached and disposed of during the present term for want of time, it is ordered that all cases on any of the dockets of said court that have not been reached and disposed of be continued until the next term of this court."

The court also announced that all parties having cases in court could have leave of absence, and that no other case would be called. After this, the case of Lamb was called, and the solicitor general announced ready. Lamb was called, and failing to respond, the solicitor general proposed to forfeit the recognizance. Counsel for Lamb and his surety, Mitchell, objected, but the court allowed it to be done. A bill of exceptions *pendente lite* was filed, in which it was stated that Lamb had not been present during the term, and was not prevented from appearing by the announcement of the court.

At the next term, the forfeiture was made absolute, over the objections of counsel for Lamb and Mitchell, based on the facts above stated. Defendants excepted. The presiding judge appended the following note to the bill of exceptions:

"The order continuing cases was directed to be placed on the minutes at the time of adjournment, and for the purpose of disposing of cases that were not reached before adjournment."

W. S. WALLACE & SON, for plaintiffs in error.

THOS. W. GRIMES, solicitor general, by J. M. McNEILL, for the state.

JACKSON, Chief Justice.

The question made by this record is, whether, after one panel of the traverse jurors has been discharged for the term and all cases, including criminal cases, have been continued, the solicitor general can proceed to forfeit the recognizance and issue *scire facias* returnable to the next term, and then at that term have final judgment of forfeiture against the surety, the principal not appearing at either term.

1. Section 4702 of the Code declares that " no recognizances in criminal cases, called out of the regular order in which they appear on the docket, shall be forfeited for the non-appearance of the principal, unless the solicitor general or other prosecuting officer shall state in his place that the state is ready for trial." This section relates to the first term at which steps are taken to the issuance of *scire facias* as well as to the final forfeiture. The proviso cited above, is in the acts of 1878–9, p. 57. The cases, this included, were all continued, and it must have been called out of its order. The solicitor general could not have been ready to try it, if defendant had been present, nor could the defendant have demanded a trial, for the reason that one-half of the traverse jurors—one whole panel—had been discharged for the term. The two panels were necessary to try the defendant. Code, §§3934, 4644, 4648, acts of 1869, p. 141.

2. The case had been continued and the order for its continuance entered on the minutes. How, then, was it ready for trial? The judge states that he intended the order " to be entered on the minutes at the time of the adjournment, and for the purpose of disposing of cases that were not reached before adjournment;" but his statement on the bill of exceptions cannot correct the record. In judgments and orders which appear of record, the record is the only evidence; in matters not of record, the judge's certificate is the only evidence.

3. It does not affect the legal point that defendant was not present. The surety generally has the right to produce his principal when his case is ready for trial and called at either term. If the panel had not been discharged, he might have produced him at the first term in this case; and that, in this recognizance, is his only obligation, it being not conditioned from term to term, but only to produce him at that first term. 65 *Ga.*, 341.

The law applicable to sureties is construed strictly— *stricti juris;* and in the present case, we cannot, so construing it, do otherwise than hold that the forfeiture of this recognizance was illegal.

Judgment reversed.