ROBINSON *et al. v.* GORDON, governor.

Judgment for the penalty of a *supersedeas* bond or recognizance given in a criminal case for the appearance of the accused, cannot be entered up on mere motion, without suit by *scire fàcias* or otherwise. A judgment so entered is a nullity, and a motion to set it aside should be granted.

June 2, 1890.

Bonds. *Supersedeas.* Judgments. Practice. Before Judge WILLIS. City court of Columbus. January term, 1890.

At the July term, 1889, of the city court of Columbus, Frank Robinson was convicted of fornication, and sentenced to twelve months in the chain-gang. During that term he moved for a new trial, and the hearing of the motion was continued until August 19th. On the

second day of that month, he gave a bond in the sum
of $200, with W. H. and A. B. Robinson as securities,
conditioned that he should appear at the next term of
the court, and from day to day and from term to term
until discharged by law, to abide the final order, judg-
ment or sentence of the court, and not depart thence
without the leave of the court. The motion for a new
trial was heard and overruled, and notice was given
that the case would be taken to the Supreme Court. A
*supersedeas* bond was given in the sum of $200, and
A. B. Robinson, one of the securities, deposited that
sum with the clerk of the court to abide the final sen-
tence of the Supreme Court. No bill of exceptions was
made or tendered, and the case was not taken to the
Supreme Court. On October 25th, during the October
term of the court, Frank Robinson not appearing, the
court entered up judgment against him and his securi-
ties in favor of the governor, on the bond, to be recov-
ered of the amount deposited with the clerk. No rule
*nisi* was issued, and the securities were not called upon
or served with any order of *scire facias* to produce their
principal, and had no notice of the forfeiture. On Jan-
uary 6, 1890, the first day of the January term of the
court, the sureties surrendered their principal to the
sheriff and moved the court to set aside the judgment
of forfeiture. The motion was overruled, and exception
was taken.

MARTIN & WORRILL, for plaintiffs in error.

T. Y. CRAWFORD, solicitor, *contra.*

BLECKLEY, Chief Justice.

A more striking misconception or misapplication of
law than this case presents we have never known.
Grant that the bond was a *supersedeas* bond such as is
contemplated in section 4263 of the code, still it was
given in a criminal case and was conditioned, not for
payment of condemnation money, but for the appear-

ance of the accused, who had been sentenced, not to pay a fine, but to serve in the chain-gang. Suppose, also, that the failure to take steps to carry the case to the Supreme Court was equivalent to actually carrying it there, with the result of an affirmance of the judgment below. That judgment being one for punishment and not for the payment of money, how would it be possible to apply the provisions of the act of 1870, forming a part of section 4263 of the code, to the case? For that act only gives the option of entering up judgment in the way and manner of doing it on appeal bonds, or else on bonds given for the stay of execution. To do it in either of these modes implies that the affirmed judgment must be one for money, and that the judgment to be entered on the bond is not for the penalty of the bond, but for the amount of the judgment which has been affirmed. The truth is, that the act of 1870 applies only to *supersedeas* bonds given in civil cases, and that to recover the penalty of a *supersedeas* bond given in a criminal case, *scire facias* is the remedy. Such bonds are to be forfeited, and the forfeiture enforced under the general provisions of law found in sections 4702, 4703 of the code. The judgment rendered on the bond in this case upon mere motion was a nullity, and the motion to set it aside should be granted.

*Judgment reversed.*