ROBERTS *v.* GORDON, governor.

Upon a recognizance for the appearance of the principal to answer the
charge of assault and battery and not depart without leave of the
court, the bail is not bound for the appearance of the principal at
a term of the court subsequent to that at which he was tried, con-
victed and sentenced. After sentence the bail was not entitled to
the custody, but the legal custody was, or should have been, in
the sheriff.

December 23, 1890.

Recognizance. Criminal law. Bonds. Before Judge
GOBER. Cherokee superior court. February term, 1890.

Reported in the decision.

AKIN & HARRIS, for plaintiff in error.

GEORGE R. BROWN, C. D. PHILLIPS and HARRISON &
PEEPLES, *contra.*

BLECKLEY, Chief Justice.

By the terms of the recognizance it was to be void
on condition that the principal should appear at the
next superior court "from day to day and from term to
term, then and there to answer for the offence of assault
and battery . . and shall not depart thence without
the leave of said court." There was no stipulation to
abide any final order or judgment of the court. The
principal appeared at the February term, was tried and
found guilty, and the court pronounced final judgment,
the sentence being that he should pay within three
days a fine of forty dollars and all costs and then be
discharged, or in default of such payment, that he work
in a chain-gang on the public works for the term of six
months. The fine was not paid, nor did the convict
undergo the sentence with respect to labor, etc. After
being sentenced he left and did not return. At the
next term of the court, being November term, he was
called and did not appear, whereupon a judgment *nisi*
declaring a forfeiture of the recognizance was entered

of record.   A *scire facias* was issued upon this judgment to fix the liability of the bail.   On the trial thereof the court charged the jury in effect that the bail was not discharged, but remained liable, although the principal had been convicted and sentenced.

In view of the terms of the recognizance, we think this charge was erroneous.   With us such undertakings are construed strictly in favor of the bail or surety. *Colquitt* v. *Smith*, 65 *Ga.* 341.   In *Dennard* v. *State*, 2 *Ga.* 137, this court, in construing a similar instrument, said: "We hold that this bond binds the principal not only to be and appear at the term to which it is returnable, but to continue to appear until acquitted or in some legal way discharged, or if tried and found guilty, until the sentence of the court is passed upon him, unless he is permitted to depart sooner by leave of the court had." And see 2 Am. & Eng. Encl. of Law, 32. There can be no doubt that as soon as the sentence was pronounced, the sheriff, and not the bail, was the proper custodian of the convict.   The legal effect of the sentence was equivalent to a special order directing the sheriff to hold him in custody.   This being so, it was not necessary to enter an *exoneretur* on the minutes of the court in order to discharge the bail.   The sentence itself operated as an *exoneretur*. *The Governor* v. *Kemp*, 12 *Ga.* 466. The allowance to the convict of three days within which to pay the fine was no permit for him to go at large in the meantime. Even if so construed, unless the bail had assented to it, he could not be affected thereby, since by the general law (Code, §4655) all fines are payable immediately unless the court shall grant further time.   By analogy to the case of an ordinary creditor, the grant of further time, without the consent of the bail or surety, would discharge him.   But we do not put the case upon this ground.   The default of appearance, on which the judgment of forfeiture *nisi* was passed and for which

the *scire facias* proceeds, was at a term of the court subsequent to the term at which the principal was sentenced.    The bail was not bound by the stipulations of the bond for the appearance of his principal at any time after final sentence.    He might have been so bound if he had stipulated that his principal should abide the judgment of the court.    Such was the stipulation in The State *v.* Whitson, 8 Blackf. 178.

The charge of the court being erroneous and having led to a wrong result in the verdict, there must be a new trial, unless the *scire facias* shall be dismissed by the solicitor-general.    *Judgment reversed.*