49785, 49786. O. K. BONDING COMPANY, INC. v. CARTER (two cases).

DEEN, Judge.

The district attorney of the Stone Mountain Judicial Circuit filed identical scire facias on March 4, 1974, seeking bond forfeitures against the defendant as surety in the criminal cases of Henry Williams and David Kitchen, arrested on narcotics charges, resulting from their failure to appear on the date set (the first Monday in January, 1974). The defendant answered in each case that (1) no claim was stated, (2) the pleading failed to conform to the Civil Practice Act, (3) defendant denied all allegations of the petition, and (4) there had been no legal service.

A rule absolute was issued on June 17, 1974; subsequently a hearing was had on June 21, and on June 24 a final order was entered denying the motion to dismiss, holding the petition sufficient and service good. Fi. fas. were issued. Error is enumerated on both these orders. *Held:*

1. Neither from the briefs nor record in this case do we find any satisfactory explanation for the sequence of events above set out. However, neither the pleadings nor evidence offered on June 24 include the bond itself, the execution of which was denied by the defendant's

answer, nor is there anything in the record other than the controverted allegation to establish that the criminal defendants' cases were in fact called and that they failed to appear. In the very early case of *Park v. State,* 4 Ga. 329 (2), it was held: "Before bail in a criminal case can be made liable, the record must show, that the principal was called and did not appear." Judge Lumpkin further stated (p. 334): "Upon this ground, then, the judgment below must be reversed, and the scire facias arrested. It may be that a judgment was taken, and that fact being made satisfactorily to appear, the court below, upon proper application and proof, might allow it to be entered nunc pro tunc. For the present, at least, the transcript sent up to this court furnishes no such evidence." See also Code Ann. §§ 27-904, 27-905. The undertaking of the security is one of strict law, and it cannot be bound further than the terms of the contract. *Roberts v. State,* 32 Ga. App. 339, 344 (123 SE 151). The pleading filed by the district attorney is sufficient, and it was proper not to dismiss the petition, but the failure to prove the bond or the breach thereof must result in reversal.

2. The entry of service of the rule nisi, which was traversed, reads: "I have this day served the Defendant _____, Principal, and O. K. Bonding Co., Charlie Mitchell, Mgr., Security, with a copy of the within rule nisi, dated April 3rd, 1974. Signed L. M. Eberhart, Sheriff." This witness testified that he served Charlie Mitchell personally at the place of business of O. K. Bonding Co., that he had known Mitchell for some 20 years and that he was the manager. The fact that he also testified that Mitchell told him he was the manager does not render the service bad, there being no objection to the statement and no scintilla of evidence to indicate that he was not a person authorized to accept service for the defendant. The court correctly overruled the traverse of service.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 1, 1974 — DECIDED
OCTOBER 16, 1974.

*Hendon, Egerton, Harrison & Glean, E. T. Hendon, Jr.,* for appellant.

*Richard Bell, District Attorney, Edward H. Kellogg, Jr., Assistant District Attorney,* for appellee.