52658. CAFFEY et al. v. STATE OF GEORGIA.

McMURRAY, Judge.

This case involves two bond forfeitures as to two defendants each charged with burglary. In response to the rule nisi and writ of scire facias the security answered as to each defendant, alleging the principals were now incarcerated in the Alabama State Penitentiary. See Code Ann. § 110-313. By order of the court the matter was set over to another date with instructions that testimony was to be submitted by affidavits. A rule absolute then issued on said bonds stating that the defendants had shown no sufficient cause why said bonds should not be forfeited.

Certain property of the surety was then levied upon, and affidavits of illegality were filed thereto contending the affiant was not properly served with notice, and that the execution was based upon a judgment which was void because the state did not call the case against the principal at the next succeeding term after the rule nisi in said case was issued, thereby allowing the security to present the principal as provided by law. Motions to dismiss were filed by the state contending the state's failure to call its case against the principal at the term following the issuance of scire facias did not render the judgments void and subject to defendants' affidavits of illegality. The motions were granted in both instances, and the surety appeals. *Held:*

Appellant contends that nowhere in the record is it shown that the defendants were ever called and failed to appear, and under the authority of *O. K. Bonding Co. v. Carter,* 133 Ga. App. 32 (209 SE2d 717), appellant as security on the bond could not be held liable, and the court erred in dismissing appellant's affidavit of illegality. But under the authority of *Spicer v. State,* 9 Ga. 49 (3), a recital in the judgment of forfeiture that the principal and bail were called in open court and did not appear in terms of

their undertaking is sufficient to authorize a judgment of forfeiture. Here the scire facias and the rule nisi on the bond forfeiture recited that the principals were solemnly called to come into court to answer the separate charges against them and the security was warned to be present with the body of the principal and the parties respectively, having wholly made default, and that the Governor of Georgia and his successors in office should recover against the obligors to the amount of their obligation so forfeited unless at the next term of this court they show sufficient cause why this order should not be made final.

Upon answer of the bail, the court set the matter down for hearing and ordered that all testimony be submitted by affidavits served and filed in accordance with Rule 5 of that court.

On February 26, 1975, the court issued a rule absolute reciting that the defendants had shown no sufficient cause why said bond should not be forfeited, and the judgment issued after scire facias had issued. While appellant argues that it was not shown that on a subsequent call of the case against the principal at the next succeeding term after the rule nisi in said case was issued that the defendant was not present, nowhere has it been shown that the judgment on the bond was void. The court did not err in dismissing defendant's affidavit of illegality in each case. A judgment is presumed valid until the contrary appears. *Chance v. Chance,* 60 Ga. App. 889, 892 (5 SE2d 399); *Kiser v. Kiser,* 101 Ga. App. 511 (1) (114 SE2d 397); *Allen v. Smith,* 223 Ga. 265, 266 (154 SE2d 605).

*Judgment affirmed. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 8, 1976 — DECIDED SEPTEMBER 29, 1976 — REHEARING DENIED NOVEMBER 1, 1976 —

*Nicholson, Fleming & Blanchard, B. H. Barton,* for appellants.

*Richard Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.