## 59058. SLAUGHTER v. STATE OF GEORGIA.

SHULMAN, Judge.

When appellant-surety's principal failed to appear for a rescheduled hearing on a motion for new trial, forfeiture proceedings were commenced against appellant. On appeal from the judgment ordering forfeiture of the appeal bond, we reverse.

1. The bond forming the basis for appellant's liability provided as follows: "Where [a certain named individual was convicted of theft by deception] . . . and the [named individual] having made a motion for new trial which has been set for hearing on the 15th day of November, 1978.

"Now should the [named individual] personally be and appear at the hearing of said motion and shall well and truly stand to and abide the final order, judgment and sentence of the court in said case, then this obligation to be void, otherwise of full force and virtue."

The undisputed evidence shows that appellant did produce his principal on the day specified in the bond, but that the courtroom was closed. The evidence further shows that by an agreement not known to the surety, the hearing on the motion for new trial had been rescheduled to April 6, 1979.

Since the express terms of the bond required the principal to appear on a particular day and not from term to term, the bond cannot be construed so as to make the surety liable for a forfeiture for the failure of its principal to appear on any day other than that named in the bond. *Colquitt v. Smith,* 65 Ga. 341. ". . . [I]n the present case, we cannot . . . do otherwise than hold that the forfeiture of this recognizance was illegal." *Lamb v. State,* 73 Ga. 587, 590. See also *Roberts v. Green,* 31 Ga. 421.

2. Because the foregoing enumeration is dispositive of this case, we need not consider other alleged errors.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JANUARY 8, 1980 — DECIDED JANUARY 23, 1980 — REHEARING DENIED FEBRUARY 7, 1980 —

*Edward W. Szczepanski, Jr.,* for appellant.
*William J. Smith, District Attorney,* for appellee.