### 36140. THE STATE v. SLAUGHTER.

NICHOLS, Justice.

This court granted certiorari to review the decision of the Court of Appeals in *Slaughter v. State,* 153 Ga. App. 343 (265 SE2d 295) (1980). The issues involved are a review of what procedure should be followed when an appeal bond is forfeited and a determination of whether under the facts of this case the bond should have been forfeited.

Slaughter was surety on a $25,000 appeal bond for Wade, who had been convicted of theft by deception and sentenced to seven years incarceration. Wade filed a motion for new trial and a hearing was scheduled for November 15, 1978. The trial court permitted Wade to file an appeal bond pending final determination of his case.

On September 27, 1978, the same day the appeal bond was granted, the district attorney and Wade's counsel agreed that Wade, who was also subject to charges pending in federal court, would plead guilty at the hearing of the federal action in February, 1979. In return, and upon the trial court's granting of his new trial motion in the present case, Wade would enter a guilty plea to the theft by

deception charge and receive a reduced sentence of five years with two years to serve and three years on probation.

The trial court agreed to these arrangements, and the hearing on Wade's motion for new trial was rescheduled from November 15, 1978 to April 6, 1979. Wade through counsel agreed to the plea bargain, and he agreed to appear in the trial court on April 6th. The surety, however, was not apprised of the new arrangements, and he "produced" Wade for the court on November 15, 1978. No one else involved in the case appeared at that time. Later, when the case came on for hearing on April 6, 1979, Wade failed to appear. Wade's attorney said Wade had been notified to appear, and that he was now a fugitive. The case was placed on the docket for April 23, 1979, and the surety was notified. Wade again failed to appear, and the district attorney's motion that the bond be forfeited was granted by the trial court.

A writ of scire facias and rule nisi were issued ordering the surety to show cause why a judgment of forfeiture should not be rendered against him. These documents were personally served on the surety by a deputy sheriff. The surety filed an answer seeking dismissal of the writ and claiming compliance with the bond. In addition, he claimed he was entitled to a separate jury trial. The rule nisi required the surety to appear at the next term of court beginning the first Monday in June. Monday was a legal holiday, so the term actually began on Tuesday. Neither the surety nor his counsel attended the hearing on the rule nisi. A rule absolute was issued and judgment was rendered in favor of the state to recover $25,000 on the bond. The Court of Appeals reversed, holding that the principal and surety met the terms of the bond by appearing for the November 15th hearing even though it had been continued. Since this holding was dispositive of the entire case the Court of Appeals did not address the procedural issues raised by the surety.

1. The surety alleges that the trial court erred in summarily disposing of the forfeiture and in refusing to treat it as a separate civil case. The case of *Robinson v. Gordon,* 85 Ga. 559 (11 SE 844) (1890) sets forth the proper procedures to be followed: "to recover the penalty of *supersedeas* bond given in a criminal case, *scire facias* is the remedy. Such bonds are to be forfeited, and the forfeiture enforced under the general provisions of law found in sections 4702, 4703 of the code." The sections referred to are our present Code Ann. §§ 27-905 and 27-906. Thus, it is clear that forfeiture of an appeal or supersedeas bond granted under Code Ann. § 6-1001 is accomplished pursuant to Code Ann. § 27-906 by issuing a rule nisi and a writ of scire facias. See *B & J Bonding Co. v. Bell,* 232 Ga. 623 (208 SE2d 555) (1974); *Caffey v. State,* 140 Ga. App. 275 (231 SE2d 77) (1976);

*Garner v. Chambers,* 75 Ga. App. 756 (44 SE2d 507) (1947). (Note that Wade was allowed bail pending a determination of his motion for new trial. Whether the defendant is admitted to bail under Code Ann. § 70-308, pending decision on his motion for new trial, or under Code Ann. § 6-1001, pending decision on his appeal, the forfeiture procedures of Code Ann. § 27-906 apply to the bond. Under either Code section the trial judge would exercise his discretion in permitting release on bail.)

Code Ann. § 27-906 provides that after issuing writ of scire facias, "[i]f . . . no sufficient cause be shown to the contrary, judgment, on motion, shall be entered against such principal and sureties or such of them as have been served." While it is true that the forfeiture proceeding is a civil case, *Reed v. Sullivan,* 1 Ga. 292 (1846), this does not mean that a separate civil action had to be filed and that the trial court could not summarily render its decision. By complying with Code Ann. § 27-906 and entering a summary judgment of forfeiture, the correct procedure was followed. It is the widely accepted practice to treat forfeiture of a bond as a summary proceeding. See Rule 46, Fed. R. Crim. Proc.; Bail and Recognizances, 8 AmJur 2d, Bailments, §§ 158-163; 8 CJS Bail, §§ 95-102; 76 CJS Recognizances, §§ 29-48. When the surety enters into a security bond in a criminal case, he impliedly agrees that his liability may be determined under Code Ann. § 27-906 without the state's initiation of a separate action. "The importance of [this rule] is that it permits the liability of a surety to be enforced through an expeditious, summary procedure without the necessity of an independent action." 11 Wright and Miller, Federal Practice and Procedure 644, § 2972 (1973). See id. Vol. 3, p. 291, § 776. Cf. Code Ann. § 6-1002 (c) which provides for supersedeas bond in civil cases and forfeiture "on motion without the necessity of notice or an independent action." See also *Anthony v. Anthony,* 240 Ga. 155 (240 SE2d 45) (1977).

Accordingly, the trial court did not err in failing to require a separate and distinct civil case for the purpose of determining whether or not the surety forfeited the bond.

2. The surety also contends that he was entitled to a jury trial and that the trial court erred in entering judgment.

The *Reed v. Sullivan* decision, supra, does state that if "any issue of fact is presented by the pleadings legally, [the surety] is entitled to a jury. . ." 1 Ga. at 294. This statement does nothing more, however, than recite the present rule that if there are genuine issues of material fact, they should be resolved by a jury. On the other hand, where there are no genuine issues of material fact the trial court may enter summary judgment. See Code Ann. § 81A-156. Since

this court holds in division one that by entering into the bond agreement the surety submits to a summary determination of his liability when the principal fails to appear, it necessarily follows that this determination may be made by the trial court. "[S]ecurities become quasi-parties to the proceedings, and subject themselves to the jurisdiction of the court, so that summary judgment may be rendered on their bonds." *Pease v. Rathbun-Jones Engineering Co.,* 243 U. S. 273 (1917). To require a jury trial in every bond forfeiture case "would be inconsistent with . . . the objective of having summary and expeditious proceedings to determine . . . the sureties' pre-determined liability." 11 Wright and Miller, supra, at 647. Code Ann. § 27-906 provides for judgment "on motion." Therefore, a jury trial is not required when a bond is forfeited unless the trial court agrees that there are genuine issues of material fact to be resolved.

3. The final issue to be determined is whether or not the trial court was correct in ruling that the surety was liable under the terms of the bond. The bond states in pertinent part that:

"[T]he said J. Albert Wade, Jr. having made a motion for new trial which has been set for hearing on the 15th day of November, 1978,

"Now should the said J. Albert Wade, Jr. personally be and appear at the hearing of said motion and shall well and truly stand to and abide the final order, judgment, and sentence of the court in said case, then this obligation to be void, otherwise of full force and virtue."

The surety argues that he only agreed to have the defendant appear at the November 15th hearing, and that he fulfilled this agreement by bringing Wade to the courthouse on that date. The surety cites several cases which hold that an agreement to have the principal appear at a particular term of court cannot be construed to extend the requirement to a subsequent term absent some specific language extending the time such as "from term to term to stand to and abide the judgment of the court." *Roberts v. Gordon,* 86 Ga. 386 (12 SE 648) (1890); *Lamb v. State,* 73 Ga. 587 (1884); *Colquitt v. Smith,* 65 Ga. 341 (1880).

The terms of this bond require the principal to "appear at the hearing" on the motion for new trial *and* to "stand to and abide the final order, judgment, and sentence of the court." The principal and surety have undertaken two obligations. The second obligation cannot be construed away by saying that the principal only had to appear on the particular day set for the hearing and not at any subsequent proceeding involving the court's judgment or sentence. See *Dennard v. State of Ga.,* 2 Ga. 137 (1847); see also *Roberts,* supra, at 388.

In today's criminal practice, involving, among other things, delays in transcript preparation, continuances, and plea bargains, it would be unrealistic to limit the bond to a single, specified date and not to require that the bond be continued in effect until the appeal is finally decided. *Coweta Bonding Co. v. Carter,* 230 Ga. 585 (198 SE2d 281) (1973). The surety here provided security for the principal's appearance until the final determination of the case. The trial court was correct in holding the surety liable and the bond forfeited.

*Judgment reversed. All the Justices concur.*

Argued May 13, 1980 — Decided July 16, 1980.

*William J. Smith, District Attorney,* for appellant.
*John Denney,* for appellee.