### 76406. LEWIS v. SUN MANAGEMENT, INC.
(370 SE2d 840)

CARLEY, Judge.

This is the second appearance before this court of a direct appeal in this dispossessory case. In *Lewis v. Sun Mgt.*, 182 Ga. App. 560 (356 SE2d 526) (1987), we dismissed appellant's direct appeal, holding that "[a]ppellant's only available remedy was to file a motion to set aside the default judgment [which was entered against him]. [Cit.]" *Lewis v. Sun Mgt.*, supra. We further held that any appeal by appellant from the trial court's ruling on such a motion to set aside could properly be brought before this court only by first securing the grant of an application for discretionary appellate review. OCGA § 5-6-35 (a) (8).

Subsequent to our dismissal of appellant's first appeal, he did file a motion in the trial court to set aside the default judgment. He also filed other extraneous pleadings which could have no substantive legal effect in the case unless and until his motion to set aside was first granted. The trial court denied appellant's motion to set aside and, as the consequence of that action, it also struck appellant's extraneous pleadings. Appellant then filed both an application for a discretionary appeal from the trial court's order and also a direct appeal from that order. Appellant's application for discretionary appeal was denied by this court.

Thus, by the instant direct appeal from the trial court's order, appellant is now seeking to invoke an appellate remedy which differs from that which this court has previously held to be the only one which is available to him. Under the applicable statutory provisions, as well as the law of the case rule, we are without jurisdiction to entertain such a direct appeal by appellant. See OCGA §§ 5-6-35; 9-11-60 (h); *Redmond v. Blau*, 153 Ga. App. 395 (265 SE2d 329) (1980). Accordingly, this direct appeal must be dismissed.

*Appeal dismissed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1988.

*Walter L. Fortson*, for appellant.

*Edward W. Killorin*, for appellee.