A91A0344. FARMER v. STATE OF GEORGIA.
(405 SE2d 569)

COOPER, Judge.

Appellant seeks to appeal the order of the trial court refusing to set aside a rule absolute giving judgment on a bond forfeiture. Appellant was arrested on September 23, 1987, for violation of OCGA § 16-13-30.1 of the Georgia Controlled Substances Act and was released from custody after posting a cash bond in the amount of $7,000. When appellant failed to appear for arraignment, a notice of execution hearing was sent by mail to him at the address listed on his bond. The hearing was held on May 27, 1988, at which time appellant did not appear, and a judgment absolute was entered against appellant on June 10, 1988. On April 10, 1989, appellant appeared in court, pled guilty to possession of cocaine and was sentenced; almost one year later, appellant filed a Motion to Set Aside Forfeiture of an Appearance Bond seeking to set aside the judgment absolute entered by

the trial court on June 10, 1988. The trial court denied the motion, and this appeal followed.

A proceeding brought for forfeiture of a bond is a summary civil action accomplished pursuant to OCGA § 17-6-71. See *State v. Slaughter*, 246 Ga. 174 (1) (269 SE2d 446) (1980). A motion to set aside a rule absolute giving judgment on a bond forfeiture can be brought under OCGA § 9-11-60 (d) if there is a nonamendable defect which appears upon the face of the record or pleadings. See *Osborne Bonding Co. v. State*, 163 Ga. App. 648 (295 SE2d 577) (1982). However, any appeal from a trial court's ruling on a motion to set aside a judgment can properly be brought before this court only by first securing the grant of an application for discretionary appellate review. OCGA § 5-6-35 (a) (8). *Lewis v. Sun Mgmt.*, 187 Ga. App. 591 (370 SE2d 840) (1988). See also *American Druggists Ins. Co. v. Harris*, 253 Ga. 535 (322 SE2d 496) (1984) dismissing a direct appeal of an order overruling an extraordinary motion for a new trial of a proceeding brought for forfeiture of a bond. Accordingly, this direct appeal must be dismissed.

*Appeal dismissed. Birdsong, P. J., and Pope, J., concur.*

DECIDED APRIL 18, 1991.

*Alan I. Begner, Russell G. Burnett, Paul C. Munger*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.

