EDWIN P. WILLIAMS, plaintiff in error, *vs.* CHARLES J. JEN-KINS, governor, defendant in error.

An entry by the solicitor general upon the original *sci. fa.* upon a forfeited recognizance, that he had "received $5 00 as his cost, the defendant having appeared in court," is no discharge of the bond, nor any suspension of the proceedings to take final judgment on the same.

Criminal law. Bail. Bond. Before Judge KNIGHT. Towns Superior Court. November Term, 1873.

George W. Caradine entered into two recognizances with Edwin P. Williams as security, for his appearance at the superior court of Towns county to answer to two indictments, each for the offense of assault and battery. He failed to appear, and the bonds were forfeited. Executions issued and were levied upon the property of the security. He moved to vacate the judgments upon the ground that a compromise was pending between him and the solicitor general at the time the rules absolute were entered. In support of this motion, coun-

sel for Williams relied upon the following entry, which appeared upon each *scire facias :*

"Received my cost, $5 00, on this *scire facias*, the defendant having appeared in court.   October term, 1868.

(Signed)            "S. C. JOHNSON, solicitor general."

The motion was overruled, and Williams excepted.

WIER BOYD, for plaintiff in error.

C. D. PHILLIPS, solicitor general, for the defendant.

McCAY, Judge.

We see no good reason why this judgment should not be affirmed.  The entry of the solicitor general that the costs were paid, "the defendant having appeared in court," is no discharge of the bond or satisfaction of the estreatment.  The condition is not only that he shall appear but that he shall not depart without leave of the court.  There can be no discharge of the forfeited recognizance, but by the surrender of the defendant into the custody of the court or its officers.  The highest evidence of this is an entry on the minutes.  There is no evidence here at all of a surrender into *custody*.  Being in court is one thing, being in custody another.  Nor is the solicitor general the judge of such surrender.  His entry cannot charge the sheriff, even did his entry go so far as to declare him in custody, and this it does not do.  We doubt not that there was no surrender.  There was probably a talk of a settlement, but it was not effected.  To permit so loose a discharge of bonds as this would be bad public policy, and we cannot say it was error in the judge to refuse to sanction it.  The authority of the attorney to acknowledge service was admitted on the argument, and any point upon it was waived.

Judgment affirmed.