WARD *et al. vs.* COLQUITT, governor.

1. The general rule is, that the sheriff may perform his official functions either in person or by his lawful deputy. The act of receiving from bail the surrender of their principal, as provided for in sections 4704 and 4746 of the Code, is purely ministerial, and may be performed by the deputy as well as by the sheriff himself.

2 The right of the bail to discharge the recognizance by a surrender made between the judgment of forfeiture, *nisi*, and the rendition of final judgment on the *scire facias*, is burdened with the condition of paying all costs accruing up to the time of the surrender.

Bail. Sheriff. Deputy. Before Judge UNDERWOOD, Gilmer Superior Court. October Term, 1878.

Reported in the opinion.

W. T. DAY, for plaintiffs in error.

THOMAS F. GREER, solicitor general, for defendant.

18

BLECKLEY, Justice.

Upon a recognizance to answer for the offense of a misdemeanor, a judgment of forfeiture, *nisi*, was rendered in July, 1878. *Scire facias* issued, returnable to the next term of the court, and was served upon the bail. The bail appeared, and pleaded that they surrendered their principal to the deputy sheriff of the county on the 15th of September, 1878, in discharge of the recognizance, and that the deputy sheriff had authority to receive, and did receive, the principal into his custody. The state demurred to the plea, specially, on the ground that the deputy sheriff is not an officer to whom the surrender of a principal can be made in discharge of a recognizance, the deputy sheriff not having by law authority to receive the principal for that purpose. The court sustained the demurrer, ordered the plea stricken, and gave final judgment in favor of the state, on the *scire facias*, for the amount of the recognizance and costs.

1. The general rule is, that the sheriff may perform his official functions, either in person or by his lawful deputy. The act of receiving from bail the surrender of their principal, as provided for in sections 4704 and 4746 of the Code, is purely ministerial, and may be performed by the deputy as well as by the sheriff himself.

2. The right of the bail to discharge the recognizance by a surrender made between the judgment of forfeiture, *nisi*, and the rendition of final judgment on the *scire facias*, is burdened with the condition of paying all costs accruing up to the time of the surrender. In strictness, the plea before us is defective in not averring compliance with this condition. It is, however, amendable, and if the costs were not paid upon making the surrender, they can be paid into court, and the plea can then be amended to conform to the fact. Without pre-payment of the costs, so far as the bail are liable therefor, their plea of surrender cannot avail them. It was their duty to have had their principal at court when

he was called, and when the judgment *nisi* was taken. Their discharge, after such default, is granted them by the law on terms; and they must either comply with the terms or forego the discharge.

Cited for the bail, Code, §§361, 366,.4727, 4746 ; 17 *Ga.*, 497 ; 3 *Ib.*, 2 ; 15 *Ib.*, 426 ; 33 *Ib.*, 585.

Cited for the state, Code, §§4704, 4746, 4727, 4072, 4078, 4702 ; 41 *Ga.*, 681.

Judgment reversed.