### 79. PERKINS *et al. v.* TERRELL, Governor.

1. "Bail may surrender their principal in vacation to the sheriff, or in open court, in discharge of themselves from liability." Penal Code, § 935. Producing or presenting a principal in court is not all that is required to discharge the obligation and relieve securities from their liability under a criminal bond. In order for a surrender of the principal in open court to be effective, the attention of the court must be called to the presence of the defendant principal, and the intention to surrender him must be definitely expressed and understood.

(a) The highest evidence of surrender is an exoneretur entered upon the minutes.

(b) "There is no evidence here at all of a surrender into *custody*. Being in court is one thing, being in custody another." *Williams* v. *Jenkins*, 53 *Ga.* 167.

2. A proceeding by scire facias to forfeit a criminal recognizance is a civil case, distinctly separate from the criminal indictment, and ancillary thereto for one purpose only,—the securing of the defendant's presence. The rule nisi and scire facias may be disposed of by a judgment of dismissal, with judgment for costs only, without invalidating the appearance bond of the defendant or relieving his securities.

3. If the defendant is called in court on the sounding of his case, the uttering and repeating of the ancient and customary words of formal forfeiture becomes a useless and perfunctory ceremonial. The real beginning of the proceeding to forfeit a recognizance being the issuance of the rule nisi and its signature by the judge, a dismissal of the rule nisi, or a discharge therefrom by the court in passing upon the answer, will not prevent a subsequent forfeiture of the bond, where the sureties have neither surrendered their principal nor paid the costs.

Forfeiture of recognizance, from city court of Washington—Judge Hardeman. February 6, 1906.

Submitted February 11,—Decided February 20, 1907.

*F. W. Gilbert, W. A. Slaton,* for plaintiffs in error.

*R. C. Norman, solicitor,* contra.

RUSSELL, J. Perkins was indicted by the grand jury of Wilkes county and was arrested on a bench warrant, and Hill and Crouch, as his securities, entered into a recognizance by which they bound themselves to be responsible for the appearance of their principal, Perkins, at the next superior court, and "from day to day and term to term," to answer to the indictment, and "not to depart thence without the leave of said court." The indictment was transferred to the city court of Washington, and the recognizance or appearance bond went with it as matter of law. At the October term, 1904, of said city court the defendant, Perkins, failed to appear, his bond was formally forfeited, and a rule nisi, in usual form, issued and was signed by the judge. The rule nisi, after reciting the making of the bond, its terms, and its formal forfeiture, called upon Perkins, principal, and Hill and Crouch, securities, to show cause at the next term of court why this order should not be made final, and scire facias was ordered to issue. The securities were each served personally with copy of the scire facias. It can not be determined from the record whether Perkins appeared at the next quarterly term, in January, 1905, or not. However, from the fact that no judgment absolute was taken at the January term, 1905, it may be assumed that he was then present in court, though no action was taken by the court on the rule nisi. At the April term, 1905, the court considered the rule nisi (and presumably the answer of the defendants thereto, though no answer was sent up), and, on April 18, entered up the first one of the two judgments which have been brought to our consideration by the writ of error. At the October term, 1905, the defendant again failed to appear; and the court allowed the same bond upon which a rule nisi was granted October 18, 1904, and on which scire facias had been issued and judgment for costs had been rendered, to be again formally forfeited. Another rule in the same language as the first was granted and scire facias again ordered to issue. Thereupon the securities answered, by their attorneys, and pleaded a discharge from

any and all liability as securities on the appearance bond of their principal, Perkins, and insisted that by reason of the judgment of April 18, 1905, heretofore referred to, their bond could not again be forefeited, the body of their principal having been produced to the court and the costs paid in accordance with its prior judgment. The issue thus formed (there being no traverse of the answer) was submitted to the court without a jury, his honor Judge S. H. Hardeman presiding, who found against the defendant securities and entered up. judgment against them, by rule absolute on the bond, for the full amount of the recognizance and costs.

The bill of exceptions excepts to the judgment on six grounds and in each assigns error as follows: (1) That said judgment is contrary to law. (2) That said judgment is contrary to the evidence, against the weight of the evidence, and is without evidence to support it. (3) That it appearing, from the evidence and the admissions of counsel for plaintiff, that the bond sought to be forfeited in this proceeding had been once forfeited before, and that defendants John J. Hill and J. S. Crouch had produced the body of their principal, W. D. Perkins, in answer to a rule nisi, before final judgment, and had been relieved from further liability on said first rule nisi, the judgment of the city court of Washington discharging said securities from further liability on said first scire facias and rule nisi discharged said securities absolutely, and they are not liable on a second forfeiture of said bond. (4) That a second forfeiture of the same bond given for the appearance of the accused is illegal and void. (5) That the order of Judge William H. Toombs on the first forfeiture of said bond discharged said securities absolutely from further liability on said bond. (6) That it appearing from the record of said city court of Washington, properly introduced in evidence, that said securities had produced the body of their principal to the court in answer to a rule nisi and scire facias forfeiting their bond, the said securities were discharged by said act, and were not further liable on said bond. The consideration of the last four grounds will dispose of the first two, which are formal only. And relieving assignments 3, 4, 5, and 6 of useless verbiage, they can be satisfactorily determined by grouping their subject-matter in an interrogative form, into two inquiries, and correctly answering these questions. (1)

Were these securities relieved and discharged from further liability on the bond because they produced their principal at court in response to the scire facias, before the judgment rendered on the first nisi? (2) Were the securities discharged from liability by the former judgment of the court?

The answer to both questions, in our opinion, depends almost wholly on the terms and meaning of the order or judgment for costs. Its terms are as follows: "It appearing to the court that the principal in the within recognizance has been *produced,* it is ordered and adjudged that the securities upon said recognizance be discharged from liability *upon this rule nisi* upon payment of the costs of rule nisi and scire facias. It is further ordered and adjudged that the officers of the city court of Washington do recover of the said W. D. Perkins, principal, and Jno. J. Hill and J. S. Crouch, securities, the sum of twelve and 50/100 dollars, costs of this rule nisi and scire facias. This 18th April, 1905.                              W. H. Toombs, Judge C. C. W."
"Cost paid this 25 day of Nov. 1905. E. G. Binns, Clerk."

Its meaning is made more clear by reference to the purpose of the rule nisi, as shown by the words employed therein (after the statement of the principal's absence and the formal forfeiture): "It is therefore ordered by the court that the said W. D. Perkins, principal, and Jno. J. Hill and J. S. Crouch, securities, forfeit their obligation, and that the said J. M. Terrell, Governor, or his successor, recover against the said W. D. Perkins, principal, and Jno. J. Hill and J. S. Crouch, securities, the sum of one hundred dollars, the amount of their obligation so forfeited as aforesaid, *unless at the next term of this court they show sufficient cause why this order should not be made final,"* etc.

It must be borne in mind that the forfeiture of a criminal bond (including rule nisi, scire facias, answer, and final judgment or rule absolute) is not a part of the criminal case, but a distinct civil proceeding ancillary to the criminal for only one purpose,— to procure the presence of the accused. The rule nisi is a mere warning,—an order to show cause why the defendant is absent. If good and sufficient cause is shown, the court may dismiss the rule without costs. If sufficient cause for the absence of the defendant principal is shown, but the showing could, by the exercise of proper diligence, have been presented sooner, and the cause thereby

have been continued without the annoyance, delay, and expense which has attached by reason of lack of a more timely showing, the court may dismiss the rule nisi but adjudge the costs against the defendants, as penalty for their dilatoriness and so as not to deprive the officers of the just reward of their services. Neither depends upon or infers a surrender of the principal, though if the principal has been surrendered the action of the court would not be different. And the principal is not required to be in the custody of the sheriff, if the court, at the time of passing the judgment, is satisfied the principal is within reach of the court, in the custody of his bondsmen. Either course is in the discretion of the court, unless the defendant is again absent, when, unless the scire facias be continued, upon showing as in other causes, judgment absolute will be rendered for the amount of the bond and costs.

We can only make our answer to the first question by the record. The rule nisi summoned principal and securities to offer their excuse, if they had any, for the absence of the principal. The securities present the principal, *produce* him, so as to prevent a judgment absolute for the full amount of the obligation. The presence or *production* absolutely prevents any further present proceeding as to the principal sum mentioned in the obligation, for the court can now, if he wishes, try the defendant. But naturally says the law, "Why were you absent and why were the court and officers put to trouble and labor by your former absence?" This is all that is left to the civil proceeding by rule nisi and scire facias. If the principal had an imperative excuse for his absence, the court will excuse him by dismissing the rule without the costs. If his excuse presents no good reason for his absence, the most the court can do, so far as that separate civil suit or scire facias is concerned, is to have judgment entered against the principal and his bondsmen for costs. The purpose of the rule nisi being to warn the securities that unless the defendant appear the bond will be finally forfeited, forfeiture is prevented either by the appearance of the principal or by showing good excuse why he was absent; but the bond is not annulled or its status changed. To do this, by §935 of the Penal Code, the principal must be *surrendered.* The word used in the judgment for costs is, the defendant was *produced.* The order in question is not an exonere-

tur, and therefore not an evidence of a surrender. It in nowise gives defendant "leave to depart." "It appearing to the court that the principal has been produced" can not be construed as evidence of a surrender into custody. To produce or show a person or thing is not synonymous with surrender. "Produce," according to Webster's International Dictionary, means "to bring forward; to lead forth; to offer to view or notice; to exhibit; to show," while "surrender" the same authority defines: "to yield to the power of another; to give or deliver up possession of (anything) upon compulsion or demand; as, to surrender one's person to an enemy or an officer; '. .· to yield; to render or deliver up; to give up; as, a principal surrendered by his bail." In *Williams* v. *Jenkins, 53 Ga.* 167, the court held that an entry of the solicitor-general reciting payment of costs and that the defendant appeared in court was no discharge of the bond or satisfaction of the estreatment. In that case Judge McCay says, "There is no evidence here at all of a surrender into *custody.* Being in court is one thing, being in custody is another." The securities in their answer do not aver that they surrendered Perkins, or relinquished that custody the law vested in them as sureties, or that it was their desire or intention to surrender him. They merely aver that they are discharged from liability because they produced him in response to the rule nisi of the court, when they had already obligated themselves to do this by their bond. So that there is no evidence of a surrender, because there is no exoneretur shown. *Griffin* v. *Moore, 2 Ga.* 331; *Dennard* v. *State,* Id. 137. We are compelled therefore to answer the first question in the negative and take up the second interrogatory.

Did the judgment operate to discharge the sureties? We hardly think that the familiar doctrine insisted upon by counsel for plaintiff in error and embodied in the Civil Code, §2972, has any application in this case. The judgments of courts are not upon the same plane as the acts of individuals, in such sense as that the surety on a bail bond can be said to be *injured* and his risk increased by a judgment. If he did not understand it he could except to it. Counsel for plaintiff in error, in his brief, says: "Under the facts of this case, was the risk of the sureties increased by the action of the court? These sureties were not men versed in the law, they did not have the legal ability necessary to

draw the distinction between releasing them from further liability on that scire facias, and releasing them from further liability on the bond, which they believed to be satisfied by the judgment. They understood themselves to be released from further liability, and sought to keep the principal within their reach no longer. Except for that judgment they probably could and would have kept him within reach of the court, and have saved themselves by producing him when called on to do so." In reply to this we can only say (even if we could go outside of the record to construe the judgment) that a discharge from a *rule nisi* and a discharge from liability on a criminal *recognizance* are so different that knowledge of the difference has to be assumed on the same principle that ignorance of the law is no excuse or protection. So far from being an exoneretur on the bond, the judgment of Judge Toombs expressly confines the release to the rule nisi. The judgment contains no hidden force within it that can so expand it as to make it embrace more than it expresses. It has no effect beyond its plain terms and meaning. Expressio unius est exclusio alterius. The securities are excepted from a discharge by the unmistakable terms of the judgment. Furthermore, the dismissal of the rule nisi was predicated on payment of the costs, and it appears from the record that the prerequisite was not complied with until November 25, 1905, more than a month after the issuance of the second rule nisi. This would have defeated a discharge and have allowed the rendition of judgment absolute on the first rule, if not on the second. Penal Code, §935; *Ward* v. *Colquitt*, 62 *Ga.* 267. So that the judgment for costs on the rule nisi, April 18, 1905, did not discharge or relieve the securities on the bond.

Another question is presented by the briefs to which we will direct our attention. It is the inquiry whether a bond can be formally forfeited and rule nisi be issued more than once. As stated in briefs of counsel for both parties, the question has never been expressly decided. But bearing in mind the fact that the formal words of forfeiture by which the defendant is orally called in court by the sheriff, who, repeating after the State's counsel, likewise warns the securities by name to produce the body of the principal as they are bound to do, etc., is merely an ancient formality, now virtually of no service, and that the forfeiture really

begins with the judge's signature to the rule nisi, and considering further that the function of this rule, as before stated, is merely to notify the bondsmen, it is clear to our minds that there is no reason why numerous rules nisi and scire facias may not issue without affecting its validity, or its binding force as regards the sureties. The bond does not become functus officii until there has been entered on the minutes a rearrest of the defendant under order ·of the judge at his discretion (*Smith* v. *Kitchens, 51 Ga.* 160), or unless there has been a surrender of the principal, or a judgment absolute for the amount of the obligation, or there has been a rearrest of the defendant by an order entered in pursuance of a motion to strengthen the bond by additional security.

The scire facias is a civil suit. No one would insist that to bring a suit on a note, and, for any one of various reasons, to dismiss it, would avoid the note and prevent a subsequent action. The rule nisi and scire facias constitute the beginning of a suit on the criminal bond, and can be dismissed without prejudicing or preventing a subsequent forfeiture.

Counsel for plaintiff in error insists that the law applicable to sureties under ordinary circumstances applies to sureties on a recognizance, and any act of the law, or its machinery, the court or its officers, which increases the risk of the sureties will relieve them. Under the Civil Code, §2972, acts of "the creditor"—the opposite party—are those that relieve. Certain acts of the solicitor-general representing the State—the opposite party—can relieve sureties, but the court in rendering a judgment is in no sense the opposite party. If his acts are erroneous they can be taken advantage of only in the manner provided by law for review. Certainly the authorities cited do not support the contention of plaintiff in error. In *Lamb* v. *State, 73 Ga.* 587, the case in which the principal was bound to appear and answer had been continued, and the bond did not (as in the present case) obligate the securities to produce the principal from "term to term." Likewise in *Colquitt* v. *Smith, 65 Ga.* 341, the bond, not being from term to term, was not forfeitable, because functus officii,— it had served its day. In *Roberts* v. *Gordon, 86 Ga.* 386, the principal had been tried, convicted, and sentenced, and the court was obliged to hold that after sentence he ought to have been, and hence was presumed to be, in the custody of the sheriff.

*Bethune* v. *Dozier,* 10 *Ga.* 235, was not a case of forfeiture of a criminal bond. The most that can appear from that case to be applicable even as argument in this is the principle that "the undertaking of a surety being stricti juris, he can not . . be bound further than the very terms of his contract; and if the principal and obligee change the terms of it without his consent, the surety is discharged." While the State, in the name of the Governor, is the obligee, the judge is not even officially a party thereto, and, as we have stated above, a judgment of a court can not be treated as in the class with the acts of individuals by which, the risk of a surety being increased, he is released. The actions of a court are subject-matter of review.

We conclude, therefore, that the judgment of the city court of Washington was right. None of the exceptions are well taken, and therefore the judgment is                   *Affirmed.*