### 7673. BENSON *et al.* *v.* HARRIS, Governor.

GEORGE, J. 1. The motion to dismiss the bill of exceptions, upon the ground that it does not appear from the record specified and sent up, or from the bill of exceptions, that any brief of evidence was filed in the court below, must be denied, it affirmatively appearing from the record that the case was heard and determined by the court upon the admission of the adverse party that the statement of facts contained in the answer to the scire facias was true, and the answer being specified in the bill of exceptions as a part of the record and duly transmitted to this court; especially since it further appears that the "statement of facts" was in truth only an agreement that the recital of facts in the response was true. *Lindsey* v. *Hardeman*, 60 *Ga.* 60.

2. Where a person arrested on a charge of stabbing gave bond to appear at the city court of Carrollton, to be held in and for the County of

Carroll on the the first Monday in December, 1915, to answer for such offense, and thereafter, at the October term, 1915, of Carroll superior court, a true bill of indictment was returned against him, charging him with the offense of assault with intent to murder, but in fact involving the same transaction, and upon the finding of the true bill the judge issued a bench warrant, under which the accused was arrested and taken into the custody of the sheriff of the county, from whose custody he subsequently escaped; *held:* Applying the "same-transaction test," the indictment charged the same offense, or a higher grade of the same offense, as that for which bail was given by the defendant, and his rearrest on the bench warrant discharged the sureties. The only consideration for the undertaking of the sureties, accruing to them, was the custody of the principal; and this consideration having failed, their liability ceased, and his subsequent escape, through no fault of the sureties, does not alter the rule. *Smith* v. *Kitchens*, 51 *Ga.* 159 (21 Am. R. 232); 6 C. J. 1027, § 282; 3 R. C. L. 52, § 62. The subsequent indictment and the arrest of the defendant were both legal and proper, but the State—the obligee in the bond—having elected to charge the defendant with a more serious offense, growing out of and involving the same transaction in which the bond for his appearance before the city court was given, released the sureties from further liability when it took the defendant into custody. The subsequent arrest or custody of one on another charge, while he is out on bail, does not operate ipso facto as a discharge of his bail, but its effect depends upon its continuance. The decision in *Cooper* v. *Brown*, 10 *Ga. App.* 730 (73 S. E. 1101), while authority upon the general proposition announced in this case, is unsound on the peculiar facts in that case.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*
DECIDED FEBRUARY 16, 1917.

Forfeiture of bond; from city court of Carrollton—Judge Beall. June 30, 1916.

Walter Benson, as principal, and Willis Latimore, Will Allen, R. P. Crockett, and R. H. Fletcher, as sureties, entered into a bond to the sheriff of Carroll county, by which they acknowledged themselves to be indebted to the Governor of this State, and his successors in office, in the sum of $300, this obligation to be void on condition that the principal make his personal appearance before the city court of Carrollton to answer to the offense of stabbing. At the March term, 1916, of that court the bond was forfeited and a rule issued, calling upon the sureties to show cause at the next term of the court why the order forfeiting the bond should not be made absolute. At the next term the sureties filed an answer in which they admitted the making of the bond in the sum and on the condition stated above, and alleged: that Benson, the principal, was accused of an assault on August 8, 1915, upon one Les

Horton, and that upon an affidavit charging him with this offense an accusation was filed in the city court of Carrollton, charging him with the offense of stabbing; that at the October term, 1915, of the superior court of Carroll county the grand jury of the county returned a true bill of indictment against him, charging him with the offense of assault with intent to murder, alleged to have been committed upon the said Les Horton; that the accusation in the city court of Carrollton and the indictment returned by the grand jury "involved and covered the identical and same transaction;" that after the return of the indictment the judge of the superior court of Carroll county issued a bench warrant and caused it to be placed in the hands of the sheriff of the county, and that their principal, Benson, was arrested under it and taken into the custody, power, and control of the State of Georgia through the said sheriff, but subsequently escaped from the sheriff. Counsel for the State agreed in writing that all the facts stated in the response were true. On the pleadings and on the admission of counsel for the State referred to, the judge of the city court of Carrollton, at the June term, 1916, rendered a judgment making the rule absolute. In the judgment it is recited that the securities "filed their answer, and, the issue raised thereby coming on to be heard before the court this day without the intervention of a jury, by agreement of counsel, and it being admitted that the allegations of facts made in said answer to the scire facias are true, but not the conclusions drawn therefrom," etc. The answer and the "agreed statement of facts" were in fact filed in the office of the clerk of the city court of Carrollton, and were referred to in the bill of exceptions and duly specified as parts of the record.

*Leon Hood*, for plaintiffs in error. *C. E. Roop, solicitor*, contra.