### 11572.   PARIS *v.* STATE OF GEORGIA.

A surety on a bond for the appearance of the defendant in a criminal case can not, in answer to a scire facias in a proceeding to forfeit the bond, set up as a defense that when the case was called for trial and postponed until the next day the accused was present in court and the sheriff was in possession of warrants for his arrest but failed to arrest him and allowed him to leave the court; nor that the surety subsequently caused the arrest of the accused in another State and that the solicitor-general failed and refused to apply for requisition papers to bring him back for trial.

DECIDED OCTOBER 13, 1920.

Forfeiture of recognizance; from Taylor superior court — Judge Howard.   April 2, 1920.

*Jere M. Moore,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.

SMITH, J.   Where a criminal case was called for trial, and the defendant, who had given bond for his appearance, was present in court, and his counsel made a motion to continue the case, which was overruled, but the case was checked until the next day, and on the next day was again called for trial, and, the State announcing ready and the defendant not making any answer, the bond given by him for his appearance was regularly forfeited and a scire facias issued against him and the surety thereon, returnable to the next term of the court, it was not a good defense in behalf of the surety that at the time the case was first called for trial and checked until the next day the sheriff had in his pos-

session one or more warrants against the defendant and failed to arrest him or detain him in court.

Neither was it a good defense in behalf of the surety that prior to final judgment on the bond his principal had been, through his efforts, apprehended in another State and put in jail, and the solicitor-general had failed and refused to apply for requisition papers to bring the said defendant back to the State of Georgia for trial; and this is true even though the surety alleged in one paragraph of his answer that he offered to pay the expenses of securing the requisition and bringing the defendant back for trial. The obligation of the surety was to produce the body of his principal in court to answer the charge contained in the particular indictment for the appearance of the defendant to answer said indictment when the case should be called; and the surety having failed to produce the body of his principal and setting up no legal defense to the scire facias, the court did not err in striking the answer thereto and entering judgment against the surety. See, in this connection, Penal Code (1910), § 960; *Griffin* v. *Moore*, 2 *Ga.* 331; *Williams* v. *Jenkins*, 53 *Ga.* 166.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*