13334. ANDREWS *et al. v.* HARDWICK, Governor.

STEPHENS, J. 1. A criminal recognizance which provides that the principal shall be and appear at a certain named court at a certain term and from day to day and from term to term " to answer to a prosecution " for a certain named offense, and " shall not depart thence without leave of said court," obligates the surety to produce the principal to abide the sentence of the court in the event the latter is convicted or enters a plea of guilty. It follows therefore that where the principal pleaded guilty and failed thereafter to appear to abide the sentence of the court, the surety is, in the absence of a surrender of the principal by him, or the principal's discharge by the court, liable upon the recognizance. The bare verbal permission given by the court to the principal, after entering a plea of guilty, to depart and return later in the day to receive sentence, is not a legal discharge, and will not exonerate the surety from the obligation under the recognizance. *Dennard v. State*, 2 *Ga.* 137. The mere producing by a surety of the principal in court to answer to the charge or the principal's entering of a plea of guilty is not a surrender by the surety. *Perkins v. Terrell*, 1 *Ga. App.* 250 (58 S. E. 133).

2. The trial judge did not err in directing a verdict for the plaintiff upon the scire facias upon the forfeited recognizance.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
> DECIDED NOVEMBER 23, 1922.

Forfeiture of recognizance; from Baldwin superior court — Judge Park. January 20, 1922.

*Allen & Pottle,* for plaintiffs in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.