15573. HUBBARD v. WALKER, Governor.

LUKE, J. 1. Where the principal in a criminal recognizance conditioned for his appearance to answer a specific criminal charge therein designated is subsequently arrested for an .entirely different and distinct offense, and, being found guilty of the latter offense, is delivered into the custody of the State, to serve a term upon the chain-gang in accordance with the sentence of a court of competent jurisdiction of this State, and where, after entering upon the service of his sentence, he is paroled and the bond is not forfeited until after the term of his sentence has expired, the sureties on the bond are not ipso facto discharged. See, in this connection, *Benson* v. *Harris*, 19 *Ga. App.* 328 (2) (91 S. E. 491), and the criticism there made of the decision in *Cooper* v. *Brown*, 10 *Ga. App.* 730 (73 S. E. 1101).

2. Under the foregoing ruling and the facts alleged in the answer of the defendant to the nule nisi and scire facias issued in the instant case, the court did not err in striking, on motion of the solicitor-general, the defendant's answer and in thereafter rendering judgment against him.

     *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

         DECIDED JULY 15, 1924.

Forfeiture of recognizance; from Forsyth superior court—Judge Blair. March 27, 1924.

*John T. Dorsey,* for plaintiff in error.

*John S. Wood, solicitor-general,* contra.

---

15574. TYSON v. NORTH AMERICA FIBRE PRODUCTS CO.

BLOODWORTH, J. The motion for a new trial in this case is based upon the general grounds only. There is evidence to support the verdict; no error of law appears, and the judgment is

         *Affirmed. Broyles, C. J., and Luke, J., concur.*

         DECIDED JULY 15, 1924.

Complaint; from Calhoun superior court—Judge Shurley presiding. February 2, 1924.

*A. L. Miller,* for plaintiff in error.    *E. L. Smith,* contra.