39869. CITY OF MACON et al. v. DAVIS et al.

MARSHALL, Presiding Justice.

The plaintiffs in this action are Davis and Sutton, d/b/a C & E Bonding Company, which is licensed to engage in the business of bail bonding in Macon. They have filed suit for a declaratory judgment against the City of Macon, alleging that a Macon municipal ordinance regulating the forfeiture of bail bonds is unconstitutional under the provision of the State Constitution prohibiting the enactment of any special law in any case for which provision has been made by existing general law. Art. I, Sec. II, Par. VII of the Georgia Constitution of 1976 (2 OCGA, p. 184) (Code Ann. § 2-207). These are the facts:

In April of 1981, the following ordinance, being § 4-1009(6) of the Code of Ordinances of the City of Macon, was passed by the Macon City Council and approved by the Mayor: "Once a bond signed by a person as surety has been posted, the bond and surety shall remain in effect until the disposition of the case for which it was posted has been completed, including the payment of any fines imposed by the court, or until the court otherwise releases said bond."

In September of 1981, C & E executed a $500 bond on behalf of one David Harden, who was to appear in the Municipal Court of Macon to answer charges lodged against him for disorderly conduct. On September 8, Harden made his court appearance, and he was found guilty of disorderly conduct. He was sentenced to pay a fine of $75 or serve 15 days in the city jail, but Harden was given until October 6 to either pay the fine or reappear to begin serving his sentence. He did neither.

On October 29, the city declared the bond in question to be forfeited, and pursuant to the previously mentioned city ordinance, C & E was called upon to pay the $75 fine.

However, on October 11, C & E had filed this action for declaratory judgment, alleging that the city ordinance enacted in April of 1981 is unconstitutional in that it is repugnant to general state law in which the General Assembly has preempted local law. The general law referred to is OCGA § 17-6-31 (Code Ann. § 27-904), which provides: "A surety on a bond may surrender his principal in open court or, when the court is not in session, to the sheriff in order to be released from liability. A surety on a bond may surrender his principal at any time prior to the end of the last day of the term within which the principal was bound to appear or scire facias was issued without incurring liability for costs for a forfeiture of the bond. After forfeiture, but before final judgment on the scire facias, a surety on a bond may surrender his principal upon payment of all costs accruing up to that time. The death of the principal at any time before final judgment shall be equivalent to a surrender; and the court shall, after final judgment, relieve the sureties of the penalty of the bond upon surrender of the principal and payment of the costs."

The superior court ruled that § 4-1009(6), which seeks to hold the surety liable on a criminal appearance bond until the fine imposed is collected, conflicts with Georgia case law, which holds that pronouncement of sentence in the presence of the principal acts as exoneretur of the surety. As authority, the superior court cited *Roberts v. Gordon,* 86 Ga. 386 (12 SE 648) (1890); *American Surety Co. of N. Y. v. State of Ga.,* 50 Ga. App. 777 (5) (179 SE 407) (1935); *Andrews v. Hardwick,* 29 Ga. App. 251 (114 SE 644) (1922). The superior court also ruled that § 4-1009(6) is in conflict with OCGA § 17-6-31 (Code Ann. § 27-904).

In this appeal, the issue joined by the parties is whether the superior court was correct in ruling that § 4-1009(6) is unconstitutional under Georgia statutory law. The city's basic argument is that § 4-1009(6) is authorized by OCGA § 36-32-4 (Code Ann. § 69-206), which provides: "Any municipal corporation shall have full power and authority to provide, by ordinance, for the forfeiture of bonds given by offenders for their appearance before municipal courts and to provide for the collection of the same from the principal and sureties on such bonds by judgment, execution, and sale."

1. The previously cited cases relied upon by the superior court do not hold that there is any requirement under state law that pronouncement of sentence in the presence of the principal acts as exoneretur of the surety.

Rather, *Roberts v. Gordon,* 86 Ga., supra, at p. 386, held that, "[b]y the terms of the recognizance" under consideration there, pronouncement of sentence in the presence of the principal acted as

exoneretur of the surety. *Andrews v. Hardwick,* supra, held that, " *a criminal recognizance which provides* that the principal shall be and appear at a certain named court at a certain term and from day to day and from term to term 'to answer to a prosecution' for a certain named offense, and 'shall not depart thence without leave of said court,' obligates the surety to produce the principal to abide the sentence of the court in the event the latter is convicted or enters a plea of guilty. It follows therefore that where the principal pleaded guilty and failed thereafter to appear to abide the sentence of the court, the surety is, in the absence of a surrender of the principal by him, or the principal's discharge by the court, liable upon the recognizance." 29 Ga. App. 251, supra. (Emphasis supplied.) *American Surety Co. of N.Y. v. State of Ga.,* supra, involved a criminal supersedeas bond requiring the principal to appear in court after the appeal to abide the final judgment, order, and sentence of the court. In *American Surety,* 50 Ga. App., supra, at pp. 787, 788, both *Roberts v. Gordon,* supra, and *Andrews v. Hardwick,* supra, were cited approvingly, and *Roberts v. Gordon* was cited for the proposition that in an ordinary criminal appearance bond, pronouncement of the sentence operates as an exoneretur. However, none of these cases addresses the issue before us in the case as bar, to wit: whether a municipality in this state can enact an ordinance requiring criminal bonds in which the city is the obligee to remain in effect beyond pronouncement of sentence. We conclude that such an ordinance does not conflict with the holdings of the foregoing cases.

2. As previously stated, the superior court also ruled that the Macon ordinance conflicts with OCGA § 17-6-31 (Code Ann. § 27-904). However, OCGA § 17-6-31 (Code Ann. § 27-904) does not constitute a comprehensive regulation of bail-bonding procedures, but merely establishes the procedure whereby the surety on the bond may accomplish a "surrender" of the principal. As held in *American Surety Co. of N.Y. v. State of Ga.,* 50 Ga. App. supra, at p. 787, the privilege of "surrender" exists independent of compliance with the condition of the bond. As stated in OCGA § 17-6-31 (Code Ann. § 27-904) itself, "surrender" may occur either before or after forfeiture.

3. As we read OCGA § 36-32-4 (Code Ann. § 69-206), it, in part, authorizes municipal corporations to make provision by ordinance as to what constitutes the forfeiture of bonds given by offenders for their appearance before municipal courts.

We, thus, conclude that § 4-1009(6) of the Code of Ordinances of the City of Macon is authorized by OCGA § 36-32-4 (Code Ann. § 69-206) and does not conflict with OCGA § 17-6-31 (Code Ann. § 27-904); for these reasons, we also conclude that there has not been

preemption by the state in this area of regulatory activity. See generally *City of Atlanta v. Associated Builders &c. of Ga.,* 240 Ga. 655 (242 SE2d 139) (1978).

Therefore, we hold that § 4-1009(6) is not unconstitutional under the special law-general law prohibition contained in Art. I., Sec. II, Par. VII of the Georgia Constitution.

4. Since this is a declaratory-judgment action to determine the constitutionality of the ordinance, and not a bond-forfeiture proceeding, we do not reach the question of whether the Harden bond was correctly declared to be forfeited.

*Judgment reversed. All the Justices concur, except Smith, Weltner and Bell, JJ., who dissent.*

DECIDED JULY 15, 1983 —
REHEARING DENIED JULY 28, 1983.

*Jones, Cork & Miller, Wallace Miller III,* for appellants.
*W. Terrell Wingfield, Jr.,* for appellees.

SMITH, Justice, dissenting.

I dissent. Disposition of this appeal is controlled by *Roberts v. Gordon,* 86 Ga. 386, 387 (12 SE 648) (1890), where this court stated: "There can be no doubt that as soon as the sentence was pronounced, the sheriff, and not the bail, was the proper custodian of the convict. The legal effect of the sentence was equivalent to a special order directing the sheriff to hold him in custody. This being so, it was not necessary to enter an *exoneretur* on the minutes of the court in order to discharge the bail. The sentence itself operated as an *exoneretur.*" Under *Roberts* the entry of sentence in a criminal case automatically exonerates the bondsman and releases him from any obligation under an ordinary criminal appearance bond. The majority's bald assertion that the cases "do not hold that there is any requirement under state law that pronouncement of sentence in the presence of the principal acts as exoneretur of the surety" is simply unsupported by the law. That is precisely what the cases hold. Thus when Harden made a court appearance on September 9, 1981, and a sentence of a $75 fine or fifteen days in the county jail was pronounced, the bonding company's obligations as surety under the bond were automatically discharged.

The majority's attempt to distinguish *Roberts* on the basis of the "terms of the recognizance under consideration" is utterly unconvincing. The bonds in this case and in *Roberts* are in all material respects identical. Each is a criminal appearance bond; each

makes no provision that the principal is to abide by the final order or judgment of the court; each provides that the principal should appear in court "from day to day . . . then and there to answer [to specified charges] . . . and shall not depart thence without the leave of said court . . ." It cannot seriously be argued that the language of the two bonds is different in any material respect.

Despite this obstacle, the majority contends that today's result is supported by OCGA § 36-32-4 (Code Ann. § 69-206), which authorizes municipalities to provide by ordinance for the "forfeiture of bonds given by offenders for their *appearance* before municipal court. . ." (Emphasis supplied.) It can readily be seen that this law, which by its plain terms applies only to criminal appearance bonds, does not authorize the Macon ordinance at issue in this case. Under our cases a surety under an appearance bond is automatically released from all liability once the principal appears in court, is tried, and sentence is imposed. Insofar as the Macon ordinance purports to obligate a surety on his bond past the time of sentencing, it genuinely conflicts with the state case law on the subject and is void.

In addition, the ordinance in question provides that once posted, a bond remains in effect "until the disposition of the case for which it was posted has been completed, including the payment of any fines imposed by the court, or until the court otherwise releases said bond." Under this broad language in the ordinance, it is conceivable that even affirmative surrender of the principal in compliance with OCGA § 17-6-31 (Code Ann. § 27-904) would not release a surety, and that a trial court could hold a bondsman potentially liable for fines for an indefinite period of time. This feature of the Macon ordinance violates the special law-general law prohibition of our Constitution, and the ordinance is, for this reason alone, invalid. See 1983 Ga. Const. Art. III, Sec. VI, Par. IV; *City of Atlanta v. Associated Builders &c. of Ga.,* 240 Ga. 655 (242 SE2d 139) (1978).

An appearance bond is exactly what its name implies — a device to ensure the appearance of a criminal defendant at trial. Once a defendant appears, is tried and sentenced, the surety's obligation is automatically discharged. No order of the court is needed to effect such a discharge. *Roberts v. Gordon,* supra. Since under our cases, the bonding company was released from liability on the bond when Harden was sentenced, there could be no forfeiture of the bond thereafter, and the levy and collection of a fine pursuant to the purported "forfeiture" was illegal and void.

It defies common sense to suggest, as does the majority, that a bondsman can be held indefinitely liable for fines which remain unpaid after sentencing. In a time when we are turning the state

judicial system upside down to create uniformity, see 1983 Ga. Const. Art. VI, Sec. IX, Par. I, it seems out of character for this court to construe state statutes and overrule case law in a manner which creates non-uniformity in the bail bond field. This construction is in direct conflict with the case law and state statutes. I therefore dissent.

I am authorized to state that Justice Weltner and Justice Bell join in this dissent.