## 41642. AMERICAN DRUGGISTS INSURANCE COMPANY v. HARRIS et al.
### (322 SE2d 496)

PER CURIAM.

Ronald Epperson was charged with trafficking in cocaine, and American Druggists Insurance Company posted bond for him in the sum of $225,000. After Epperson failed to appear, the bond was ordered forfeited and the principal paid to Governor Joe Frank Harris by judgment entered March 23, 1984. American Druggists' timely motion for new trial was overruled by order filed April 23, 1984.

American Druggists' first notice of appeal seeking to appeal the trial court's order entered June 18 denying American Druggists' "Motion for Hearing on Appeal," filed June 11 and seeking rehearing of the court's April 23 order, is an untimely attempt to appeal the overruling of American Druggists' motion for new trial. *Ellis v. Continental Ins. Co.*, 141 Ga. App. 809 (234 SE2d 377) (1977).[1]

On June 18, 1984, American Druggists filed an extraordinary motion for new trial based upon "additional facts" not disclosed in the motion or accompanying affidavit. This extraordinary motion for new trial was overruled on July 18. American Druggists' second notice of appeal, filed August 3, seeks to appeal this ruling.

By amended notice of appeal filed September 18, 1984, American Druggists seeks to appeal the original judgment of bond forfeiture, the order entered June 18 overruling the "Motion for Hearing on Appeal," and the order entered July 18 overruling the extraordinary motion for new trial.

On July 1 this year, OCGA § 5-6-35 was amended to require applications to appeal orders denying extraordinary motions for new trial when separate from an original appeal. Ga. L. 1984, p. 599. American Druggists' first notice of appeal was, as heretofore noted, an untimely attempt to appeal the order overruling its motion for new trial. The extraordinary motion for new trial, having been filed after the overruling of the original motion for new trial, is separate from the original motion for new trial and therefore is separate from the original appeal.

There being no application to appeal the order overruling the extraordinary motion for new trial, the appeal is dismissed.

*Appeal dismissed. All the Justices concur, except Smith, J., not participating.*

---

[1] American Druggists' reliance on *Mitchell v. State*, 157 Ga. App. 181 (276 SE2d 864) (1981), involving out of time appeals, is misplaced. Such appeals are allowed only in criminal cases under certain circumstances, such as where counsel would be deemed ineffective by failing to perfect a timely appeal. *Thornton v. Ault*, 233 Ga. 172 (210 SE2d 683) (1974); *Lay v. State*, 242 Ga. 225, n. 1 (248 SE2d 611) (1978); *Birt v. Hopper*, 245 Ga. 221 n. 1 (265 SE2d 276) (1980).

DECIDED NOVEMBER 16, 1984.

*Palmer, Howard & Nowak, J. Larry Palmer, Christopher C. Howard, Jr.,* for appellant.

*J. Brown Moseley, District Attorney,* for appellees.