71354. AMERICAN DRUGGISTS' INSURANCE COMPANY
v. HARRIS.
(339 SE2d 759)

DEEN, Presiding Judge.

Ronald Epperson was arrested in May 1983 and indicted on charges of trafficking in cocaine. In June 1983 Epperson as principal and appellant American Druggists' Insurance Co. as surety executed an appearance bond for $225,000 in favor of appellee Harris in his capacity as Governor of Georgia. Epperson failed to appear when his trial was called in the Decatur County Superior Court in November 1983. The following March 23 a judgment was entered against appellant as surety and Epperson as principal, forfeiting the bond and demanding recovery of the bond's penal sum by appellee.

Epperson was subsequently arrested in Florida and was extradited to Decatur County, Georgia, where in November 1984 he pled guilty as charged and was sentenced to prison. By a Consent Order, the penal sum of the bond was paid into the registry of the Superior Court pending resolution of the appeals process. The Georgia Supreme Court dismissed Epperson's appeal, and in December 1984 appellant filed an application for remission of the bond forfeiture. After a hearing, the trial court denied the application, holding that appellant had no standing at law or equity to reclaim any portion of the judgment. An order to that effect was entered February 12, 1985, and appellant enumerates as error the trial court's denial of the application, alleging that the basis of such denial was "that the Court did not have discretion to remit all or a portion of the bond penalty after a final judgment has been entered pursuant to OCGA § 17-6-31."

Our scrutiny of the record, together with our reading of relevant Code sections and case law, indicates that no error was committed below. As appellee points out, appellant's enumeration of error does not accurately represent the basis of the trial court's denial of appellant's motion. The record reveals that the issue of judicial discretion, especially vis-à-vis the common law procedure regarding appearance bonds, was discussed at some length during the February 1985 hearing on appellant's motion. The trial court's order does not advert to that issue, however, and expressly states as a conclusion of law: "After a Final Judgment has been entered against the surety in a Bond Forfeiture Hearing and the Judgment has been satisfied by the payment of funds, the surety has no standing either in law or equity to reclaim any portion of the funds paid over to satisfy the Judgment."

Appellant's arguments to the contrary notwithstanding, we are

not persuaded that the trial court erred in its judgment. See *American Druggists' Ins. Co. v. Harris*, 253 Ga. 535 (322 SE2d 496) (1984); *City of Macon v. Davis*, 251 Ga. 332 (305 SE2d 116) (1983).

*Judgment affirmed. Pope, J., concurs. Pope, J., also concurs specially. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment only, as I fail to comprehend the relevancy, to the issue, of the two cases cited by the majority. The first case merely constitutes part of the history of this surety's efforts to be relieved of payment, and the second case deals with the substantially different predecessor of the applicable statute.

The trial court in its order states two bases for denial of the application for remission of bond forfeiture. One was as recited by the majority. The other was: "The Order entered by the Court and filed on April 23, 1984, denying [appellant's] Motion for New Trial and Motion to Set Aside the Judgment entered March 23, 1984, which was not timely appealed, is the law of the case." The untimeliness mentioned refers to part of the Georgia Supreme Court's holding in *American Druggists' Ins. Co. v. Harris*, 253 Ga. 535 (322 SE2d 496) (1984). Appellant did not address this ground in his enumeration of error and apparently is of the opinion that despite the earlier order which stands unreversed, the trial court still had discretion to grant relief.

It appears that appellant reads the court's second ground as meaning that the court could not consider the application because the judgment had been entered and satisfied by payment of funds into court; that is, "no standing" is interpreted as "no claim" at this late date in the statutory process of bond forfeiture. In trying to fit appellant's argument to the order appealed from, I would give the appellant the benefit of this understanding.

The substantive difficulty with appellant's position is that the law does not allow the remission it seeks, under the factual circumstances here, and thus the trial court is correct. OCGA § 17-6-31 and Article 3 of the chapter on bonds and recognizances apply. They were amended in 1982, effective January 1, 1983, so as to more strictly govern forfeiture of bail bonds. Ga. L. 1982, p. 1224. The opportunities for escaping some or all monetary liability were drastically reduced by deliberate deletion under the pen of the General Assembly. As stated in the amendatory act, its purpose is "to provide new and different procedures for the forfeiture of appearance bonds." Id. No provision is made there or in later amendments for "remitting" the forfeiture or otherwise allowing avoidance of the judgment once it is duly entered, on the ground that the surety has surrendered the principal or has aided in his capture. In the trial court's words, the surety has "no

standing" to assert such a ground; using the appellant's words, the court has "no discretion" to entertain such a ground.

I am authorized to state that Judge Pope joins in this special concurrence.

DECIDED JANUARY 8, 1986.

*Christopher C. Howard, Jr., J. Larry Palmer*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.